## J. W. Breitling et al. v. Amanda Chester.

### No. 329.

**1. Practice in Trespass to Try Title.**

In action of trespass to try title, to which the defendant has pleaded not guilty, and when, without notice or filing the same three days before the trial, the defendants introduced a certificate and privy acknowledgment of date subsequent to the filing of the suit, to a conveyance by the plaintiff for the land in controversy, of date during the life of her former husband, not acknowledged as required by statute, it was competent for the plaintiff, without pleading or affidavit attacking such certificate of acknowledgment, to prove facts showing the falsity of such certificate...................... 589

**2. Acknowledgment to Deed.**

The excluded testimony showed, that the notary's certificate of acknowledgment was predicated upon the plaintiff's admissions made while her deposition was being taken, and when she had no thought that she was acknowledging the deed in question. These facts being established, the act of the notary, however fair his intent, was false in fact, and in law a nullity.... 590

**3. Acknowledgment to Deed by Woman Separated from Husband.**

If the husband has abandoned his wife, she may dispose of her property as a femme sole. A certificate in form of that of privy acknowledgment contains all the elements of an ordinary acknowledgment .................. 590

ERROR to Court of Civil Appeals for Fourth District, in an appeal from Bexar County.

The judgment in the trial court was reversed in the Court of Civil Appeals, and jurisdiction was had from a dissent in that court.

*Joseph Ryan*, for plaintiffs in error.—1. The grantor in a deed defectively acknowledged may, by a reacknowledgment in statutory form, make the same fully effective, it not being necessary that the signing and acknowledgment be simultaneous. Rev. Stats., art. 559; Stone v. Sledge, 24 S. W. Rep., 698; Halbert v. Hendricks, 26 S. W. Rep., 911; Herring v. White, 25 S. W. Rep., 1017; Smith v. Mc-Gaughey, 13 Texas, 467; Dev. on Deeds, sec. 469, and cases cited.

2. Under a plea of not guilty, defendants may give in evidence any special matter of defense legal or equitable, except limitations. Rev. Stats., art. 4793; Herring v. White, 25 S. W. Rep., 1017; Scarboro v. Alcorn, 64 Texas, 360.

"Outstanding legal title may be proven under plea of not guilty." Adams & Wickes v. House, 61 Texas, 639.

"And is a sufficient defense, whether defendant connects himself with it or not." Kaufmann v. Shellworth, 64 Texas, 179; McSween v. Yett, 60 Texas, 183.

3. In trespass to try title, any after acquired title may be used in evidence by either party, provided it antedates the pleadings of the party so using it. Ballard v. Carmichael, 17 S. W. Rep., 393; Id., 18 S. W. Rep., 734; Hays v. Railway, 50 Texas, 170; Martin v. Parker, 26 Texas, 254.

4. A certificate of acknowledgment can not be attacked for fraud, unless the beneficiaries thereof are directly connected with and were parties to such fraud; and such fraud must be alleged in the pleadings of the party attacking said certificate of acknowledgment. Williams v. Pouns, 48 Texas, 141; Herring v. White, 25 S. W. Rep., 1017; Hartley v. Frost, 6 Texas, 208; Shelby v. Burtis, 18 Texas, 644; Wiley v. Prince, 21 Texas, 637; Pool v. Chase, 46 Texas, 210; Kocourek v. Morak, 54 Texas, 205; Walter v. Weaver, 57 Texas, 511; Davis v. Kenedy, 58 Texas, 519.

*Buckler & Martin*, for defendant in error.—A deed by the wife to her separate estate, the husband not joining with her in said deed, is void. Rev. Stats., art. 559; Ford v. Ballard, 21 S. W. Rep., 146; Cannon v. Boutwell, 53 Texas, 626; Peak v. Brinson, 71 Texas, 310; Ethridge v. Price, 73 Texas, 597; Jackson v. Bryan, 62 Texas, 623; Williams v. Ellingsworth, 75 Texas, 483.

"That which is void can not be ratified, unless the ratification can operate as a peremptory independent conveyance." 5 Am. and Eng. Encyc. of Law, 427; Adlum v. Yard (Pa.), 18 Am. Dec., 610, 619; Anderson v. Roberts, 18 John., 528; Bank v. Bellis, 10 Cush. (Mass.),

.277; Glidden v. Strumper, 52 Pa. St., 403; 32 Cal., 609; 24 Cal., 585; 9 Mo., 437; 12 Mo., 564.

GAINES, CHIEF JUSTICE.—The plaintiffs in error in this court were the defendants in the trial court. The suit was brought by Amanda Chester, who is here the defendant in error, to recover a lot in the city of San Antonio. There was a judgment for the defendants, from which the plaintiff sued out a writ of error returnable to the Court of Civil Appeals. That court reversed the judgment and remanded the cause; but one of the judges having dissented, the defendants in error in that court applied for and obtained a writ of error to this court. The defendants in the trial court claimed title under a purported deed executed in Claiborne Parish, Louisiana, on the 9th day of March, 1871, by the plaintiff, who was then the wife of one R. A. Cooksey. The alleged deed was in the form of a notarial act, and purported to be acquiesced in by the husband of the alleged grantor. It was in-operative, because the officer before whom it was executed failed to certify to the privy examination and acknowledgment of the wife in the manner required by our laws for the conveyance of the property of a married woman. The record does not show when the suit was brought, but the amended petition upon which the case was tried was filed on the 17th day of October, 1893. During the progress of the trial the defendants offered in evidence the deed above mentioned, upon which was written a certificate of acknowledgment purporting to be by her as the wife of E. J. Chester, which was in due form of law for the conveyance of the property of a married woman, and which was dated subsequent to the filing of the amended petition. In this her present husband did not join; but it is to be noted that she sued alone, and alleged and proved that her husband had abandoned her. The deed was objected to by the plaintiff on several grounds, which need not be stated in this connection, but was admitted in evidence. Counsel for the plaintiff then offered to read the following testimony from the deposition of the plaintiff:

"On the 15th of January, 1894, I was summoned by William M. Ford, a justice of the peace, to come before him and have my deposition taken. I went, and gave my deposition. I then objected to answering some of the questions; but Mr. Howard told me I was compelled to answer them, and that if I did not answer them I would be held for contempt. Of course, I believed he was telling me the truth, and for that reason I answered those interrogatories. Mr. Howard showed me a paper, and asked me if the signature at the bottom thereof was not mine, and I told him that it was. After awhile he asked me to sign some other paper, which I thought I was obliged to sign, for the reasons before stated. I did so, and Mr. Howard asked me if I ac-knowledged that to be my signature, and I answered that I did. I thought, of course, that I was signing the deposition in the way re-quested of me. I did not intend to sign anything else or any deed.

I did not offer to have my acknowledgment taken. I had been summoned to have my deposition taken, and thought that was all I had to do. The justice of the peace did not explain to me that I was executing and acknowledging another deed; if he said anything explanatory thereof, I did not then so understand it, and did not intend to so acknowledge it. I did not know he was taking my acknowledgment to said instrument. My answers were taken and written down by Mr. Howard, but Mr. Ford was also present. I was married to R. A. Cooksey, 25th of April, 1867. He died 30th of April, 1885."

The evidence having been objected to, was excluded by the court, upon the ground that the pleadings of the plaintiff did not authorize its introduction.

Had the defendants, after the alleged acknowledgment had been placed upon the deed, pleaded such acknowledgment, it may be that the plaintiff would not have been entitled to impeach it without a plea under oath, showing its invalidity. 1 Sayles' Rev. Stats., art. 2262. But the suit was brought by plaintiff in the statutory form of an action of trespass to try title, and the defendants pleaded not guilty, the statute of limitations, and improvements in good faith. The plaintiff, as to the plea of limitations, replied, alleging her coverture. There was no plea alleging a new execution or acknowledgment of the instrument. So, also, it may be, if the deed had been filed among the papers of the cause three days before the trial, and notice had been given the plaintiff of such filing, she should not have been permitted to attack it, without filing an affidavit of facts, showing that the alleged acknowledgment was a nullity. 1 Sayles' Rev. Stats., art. 2257. But if the deed was ever so filed or the notice so given, there is nothing in the record before us to show it. The court did not put its ruling upon the ground that no affidavit impeaching the deed or acknowledgment had been filed, but, as we have seen, upon the ground that the plaintiff's pleading did not justify the evidence. That the acknowledgment, under the circumstances, could be impeached by the plaintiff, is decided in Sartor v. Bolinger, 59 Texas, 411.

But it is urged, that the excluded testimony does not point to the acknowledgment in question. In this, however, we do not concur. Without entering upon any discussion of the point, it is sufficient to say, that in our opinion the testimony clearly points to the transaction which resulted in the acknowledgment, and tends to show that the plaintiff had no intention whatever of making such acknowledgment.

It is clear, that a casual admission in the presence of a notary or other duly authorized officer by a person who has signed a conveyance, that he had executed the deed, does not empower the officer to certify that he has acknowledged it. In order to call into exercise the authority of the officer to make the certificate, the grantor must appear before him for the purpose of acknowledging the instrument, and his admission that he had executed it must be made with a view to give it

authenticity. If in this case, as the excluded evidence tended to show, the notary's certificate was predicated upon the plaintiff's admission made while her deposition was being taken, and when she had no thought that she was acknowledging the deed in question, the act of the notary, however fair his intent, was false in fact, and in law a nullity.

For the error in excluding the testimony, the judgment should have been reversed by the Court of Civil Appeals and the cause remanded.

The judgment was reversed by that court, but upon another ground. The majority of the court held, that after the death of the husband, who was living at the time the deed was first attempted to be executed by her, she could not acknowledge it, so as to give it effect. One of the judges did not concur in this conclusion, but held that the subsequent acknowledgment of the plaintiff confirmed and ratified the deed and made it good from the time of its original delivery. As has been remarked, the pleading and proof show, that although the plaintiff was married at the time she acknowledged the deed the second time, her husband had abandoned her. She alleges the abandonment in her petition in order to show her right to sue alone; and in her deposition, which was read in evidence, testified to the fact. We think the latter acknowledgment is to be treated as that of a feme sole; and that, although it is in the form of that of a married woman, upon a privy examination, it contains all the elements of an ordinary acknowledgment, and if properly and voluntarily made, it is valid. It is the settled law of this State, that where the husband abandons the wife, she may convey her separate property, as if she was single. Heidenheimer v. Thomas, 63 Texas, 287, and cases there cited. We are of opinion, therefore, that if the plaintiff voluntarily acknowledged the deed the second time, with the intent to give it effect as a conveyance, her husband having abandoned her, and there being at the time no obstacle to her conveying the land, it was equivalent to a new execution. Jourdan v. Jourdan, 9 Serg. & R., 268; Newell v. Anderson, 7 Ohio St., 12; Smith v. Shackelford, 9 Dana, 452; Doe v. Howland, 8 Cow., 277. In the view we take of the case, we do not think it necessary to determine whether the second acknowledgment of the deed would relate back to the first delivery. It would seem that, the deed as originally delivered being void, it could be re-executed but not ratified, so as to give it a retroactive effect. Doe v. Howland, supra; Jackson v. Stephens, 16 John., 110. There is, however, very high authority to the contrary.

The judgment of the Court of Civil Appeals is affirmed, and the judgment of the District Court reversed and the cause remanded for a new trial, with instructions, however, to proceed in accordance with this opinion.

*Reversed and remanded.*

Delivered November 4, 1895.