## M. J. E. WHEELOCK v. VOLNEY CAVITT.

No. 664.—Decided May 16, 1898.

**1. Married Woman—Deed—Acknowledgment—False Certificate.**

A married woman's deed of her separate property, with a notary's certificate thereto showing privy examination and acknowledgment by her in due form, does not divest her title where she shows that such certificate was false, and that she did not in fact appear before the officer and he did not take her acknowledgment or attempt to do so. (P. 682.)

**2. Same—Innocent Purchaser.**

Where a married woman signing with her husband a deed to her separate property appears before the proper officer for the purpose of acknowledging it and such officer fails to do his duty in taking the acknowledgment, but makes a certificate which shows a full compliance with the law, such certificate is conclusive in favor of an innocent purchaser. (P. 682.)

**3. Same.**

But where such married woman has not appeared before the officer for the purpose of acknowledging the deed, she having in no way invoked the exercise of the officer's authority in that respect, the certificate, however formal, is not binding upon her, even in favor of an innocent purchaser for value and without notice. (P. 682 to 684.)

QUESTIONS CERTIFIED from the Court of Civil Appeals for the Third District, in an appeal from Robertson County.

*W. O. Campbell* and *C. W. Kinnard*, for appellant.—An instrument signed by a married woman and purporting to convey real estate, her separate property, is a nullity,—is not her act and deed and conveys no title, either legal or equitable,—unless she appear before an officer authorized to take acknowledgments to such instruments, and upon her privy examination, apart from her husband, and after having the same shown and fully explained to her by the officer, she acknowledges such instrument to be her act and deed, and declares that she had

willingly signed the same for the purposes and consideration therein expressed, and that she wishes not to retract it.    Pasch. Dig., art., 1003; Sayles' Civil Statutes, arts. 559, 4310, 4313; Cross v. Everts, 28 Texas, 532; Berry v. Donley, 26 Texas, 737.

The statute requires that a married woman shall appear before the officer for the purpose of acknowledging, in the manner required by the statute, the execution of an instrument signed by her, purporting to convey her separate property, and without such appearance before him the officer has no authority whatever to make the certificate of acknowledgment, and if he certifies that she appeared before him and acknowledged the execution of the instrument, when in fact she did not, such false certificate is a nullity, and a deed or other conveyance purporting to convey real estate, the separate property of a married woman, so falsely certified, is a forgery and void.    Pasch. Dig., art. 1003; Sayles' Civil Statutes, art. 4310; Breitling v. Chester, 88 Texas, 586; Scott v. Gallagher, 11 Serg. and R., 347.

It follows from the foregoing propositions that when a deed or other conveyance purports to convey the separate property of a married woman, in a suit by her to cancel such instrument and recover the land held under it she may show against all the world that she never made any acknowledgment at all of the instrument, and that the certificate of acknowledgment is a forgery or entire fabrication of the officer, notwithstanding the certificate may be in due form, and in such a case it is not necessary to allege and prove that the grantee in such deed had notice of or participated in the fraud.    Grider v. Mortgage Co. (99 Ala., 271), 42 Am. St. Rep., 58; Giddings v. Bolling, 99 Ala., 319; Le Mesnager v. Hamilton (101 Cal., 532), 40 Am. St. Rep., 81; Pickens v. Knisely (29 W. Va., 1), 6 Am. St. Rep., 622 and note; Smith v. Ward (2 Root, Conn., 378), 1 Am. Dec., 80 and note; Donahue v. Mills, 41 Ark., 421.

When a married woman appears and actually makes some kind of acknowledgment before an officer authorized to take it, his certificate, if in due form, is conclusive of the facts certified and which he is by law authorized to certify, and cannot be impeached except for duress, fraud, imposition, or mistake, in which the grantee in the deed participated, or had notice of before parting with his money.    Hartley v. Frosh, 6 Texas, 208; Shelby v. Burtis, 18 Texas, 644; Wiley v. Prince, 21 Texas, 637.

*Simmons & Crawford*, for appellee.—No purchaser of lands in this State is required by the laws of this State, when a deed properly written, signed and acknowledged, as the law demands, is tendered to him in carrying out the contract of purchase, to go back of the officer's certificate and inquire whether the officer has done his duty or not.    Pierce v. Foit, 60 Texas, 464; Gray v. Shelby, 83 Texas, 405.

The certificate of Jas. H. Griffin, the notary public, attached to the deed from appellant and her husband to appellee is conclusive of the

facts therein stated, unless fraud or imposition is alleged, and in which Cavitt participated or had knowledge. Herring v. White, 6 Texas Civ. App., 249; McKinney v. Mathews, 6 S. W. Rep. 793; Frieberg v. DeLamar, 27 S. W. Rep., 151; Wiley v. Prince, 21 Texas, 637; Hartley v. Frosh, 6 Texas, 208; Pool v. Chase, 46 Texas, 207; McDonnel v. Harrell, 1 N. C., 521; Talkin v. Anderson, 19 S. W. Rep., 350; McKellar v. Peck, 2 N. C., 192; Williams v. Powers, 48 Texas, 141; Walter v. Weaver, 57 Texas, 569; Henderson v. Terry, 62 Texas, 281; Miller v. Yturria, 69 Texas, 549; Davis v. Kennedy, 58 Texas, 516, Texas L. & L. Co. v. Blalock, 76 Texas, 85; Stallings v. Hullum, 79 Texas, 421; Shelby's case, 18 Texas, 644; Kocourek's case, 54 Texas, 205; 2 Jones, Evidence, sec. 501.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Third Supreme Judicial District has certified the questions copied below accompanied by a statement of which the following is the substance:

Appellant sued appellee in the District Court of Robertson County to recover a certain tract of land situated in that county and described in the petition, and in addition to the usual allegations contained in a petition in trespass to try title, it was alleged that on the 13th day of December, 1872, the plaintiff was a married woman and owned the land sued for in her own separate right in fee simple, and that she still continued to be the owner of the same. She alleged that she continued under coverture until the 16th day of August, 1896, when her husband died. The petition alleged that the defendant had taken and was then holding possession of the land, claiming to own it under a deed purporting to have been executed by her and her husband on the 13th day of December, 1872, and purporting to have been duly acknowledged by her in the form required for acknowledgments of married women for the sale of their separate property. A copy of the certificate of acknowledgment was set out in the petition and was regular and in every respect in due form and appeared to have been made before a notary public of Robertson County. The plaintiff's petition explicitly alleged that she did not appear before a notary public for the purpose of acknowledging the deed or for any purpose and that she did not acknowledge the said deed before the said notary public in any manner or at any time. The allegations meet every phase in which the acknowledgment could be claimed to have been made by her, and negative the fact that such acknowledgment had ever been made or that she had ever under any circumstances appeared before or been before the notary public for any such purpose or for any purpose whatever connected with the execution or acknowledgment of the said deed.

The defendant filed exceptions to the petition upon several specified grounds which embody the following proposition, that the petition does not allege that the defendant either participated in the wrongful acts done by the notary public or had any knowledge or notice of the same.

The Judge of the District Court sustained the exceptions, from which judgment appeal was taken to the Court of Civil Appeals.

"With this explanation, the Court of Civil Appeals for the Third Supreme Judicial District, acting by and through its Chief Justice, certifies to the Supreme Court for decision the following questions, which are material to a decision in this cause:

"1. When a deed purporting to convey real estate, the separate property of a married woman, is regular in form and has attached to it a certificate of an officer authorized to take acknowledgments of married women, which certificate is regular in form, and shows on its face that the acknowledgments of the husband and wife were taken in the manner prescribed by statute, will such deed divest the married woman of her title, or estop her from recovering the land from the grantee therein named, if she alleges and proves that the certificate is false and that as a matter of fact she did not appear before the officer who made the certificate, and he did not take her acknowledgment or attempt to do so?

"2. Will the right of the married woman to avoid such a deed, if the facts be as recited in the first question, depend upon whether or not the grantee in the deed had knowledge or notice of the fact that she did not appear before the officer making the certificate of acknowledgment, and that such certificate was false?

"3. If the question of notice, as submitted in the second question, is material, in an action to recover the land brought by a married woman, would the burden be upon her to allege that the defendant had notice of the defect in the deed at the time he bought the land, or would it be upon him to plead such want of notice as a matter of defense?"

Under the facts alleged in the plaintiff's petition as shown in the statement accompanying the question, the certificate of the officer showing that the plaintiff had acknowledged the deed in question was void; and notwithstanding the vendee may have paid value for the land without notice that the certificate was in fact false, no title passed by the conveyance.

In this State the rule is firmly established that where a married woman who has with her husband signed a deed conveying her separate real estate appears before an officer authorized by law for the purpose of acknowledging the conveyance, and the officer fails to do his duty in taking such acknowledgment, but makes a certificate which shows a full compliance with the law, such certificate is conclusive upon the married woman in favor of an innocent vendee, who paid value for it without notice that the officer failed to perform his duty as required by law. Pool v. Chase, 46 Texas, 210; Kocourek v. Marak, 54 Texas, 205; Waltee v. Weaver, 57 Texas, 571. The foregoing cases are in harmony with the weight of authority upon this question.

But where it is shown that the married woman has not appeared before the officer for the purpose of acknowledging the execution of the deed, and no acknowledgment has been in fact made, she having in no way invoked the excercise of the officer's authority in that respect, the

certificate, however formal, is not binding upon her, even in favor of an innocent purchaser and for value without notice. 1 Devlin on Deeds, sec. 532a; Breitling v. Chester, 88 Texas, 589; Pickins v. Knisely, 29 W. Va., 1, 6 Am. St. R., 636; Cheney v. Nathan, 110 Ala., 254, 55 Am. St. R., 26; Grider v. Am. F. Mortgage Co., 99 Ala., 281; 42 Am. St. R., 58; LeMesnager v. Hamilton, 101 Cal., 532, 40 Am. St. R., 81; Michener v. Cavender, 38 Pa. St. R., 334; 80 Am. Dec., 486; Borland v. Walrath, 33 Iowa, 130; Donahue v. Mills, 41 Ark., 421; Williamson v. Carskadden, 36 Ohio St., 664; Meyer v. Gossett, 38 Ark., 377; Allen v. Lenoir, 53 Miss., 321; Johnston v. Wallace, ib., 331; Mays v. Hedges, 79 Ind., 288.

In Breitling v. Chester, 88 Texas, 589, the evidence showed that Mrs. Breitling, in the lifetime of her husband, joined him in making a deed, which purported to convey lands, her separate property, but the certificate of her acknowledgment was defective. She sued to recover the lands after her husband died—and her deposition was taken by the opposite party, in the course of which she stated to the officer that she signed the deed in question; whereupon that officer attached to the deed a certificate in due form showing that Mrs. Breitling had acknowledged the execution of the deed before him. She offered to prove that she did not intend to acknowledge the deed, but the evidence was excluded, which ruling was before this court. In passing upon that question, Chief Justice Gaines said: "It is clear that a casual admission in the presence of a notary or other duly authorized officer by a person who has signed a conveyance that he had executed the deed does not empower the officer to certify that he has acknowledged it. In order to call into exercise the authority of the officer to make the certificate, the grantor must appear before him for the purpose of acknowledging the instrument, and his admission that he had executed it must be made with a view to give it authenticity. If in this case, as the excluded evidence tended to show, the notary's certificate was predicated upon the plaintiff's admission made while her deposition was being taken, and when she had no thought that she was acknowledging the deed in question, the act of the notary, however fair his intent, was false in fact, and in law a nullity." That case did not involve the exact question now before the court, because it appeared that the person then claiming the land was not a purchaser for value upon the faith of the certificate in question, but it decides that a certificate of acknowledgment which falsely recites that the grantor in a deed appeared before him is not conclusive of the fact of appearance.

We do not think it necessary to enter into argument to support the conclusions that we have expressed in our answer to the foregoing questions, for the reason that they are supported by all authority that we have been able to find except the courts of the States of Illinois and Kentucky; the decisions in the latter State are controlled by statute. We will, however, quote from Pickins v. Knisely, 29 W. Va., page 1, the reasons given by that court in support of its decision: "For reasons

of public policy, and to protect innocent purchasers, it has been uniformly held that when a married woman appears before a justice for the purpose of acknowledging a deed, and does in some manner attempt to do what the law requires to be done, the certificate is conclusive of the facts therein stated as regards innocent purchasers. This is a necessary rule of law, and not a harsh one to her; because, if the justice has not asked her all the questions required, or has omitted anything which the statute requires, as fully explaining the deed to her, she may notify the purchaser of that fact before the deed is delivered to him, and thus prevent it from operating to pass her title to the property. But where she has not appeared before the officer she has no opportunity to save her property, any more than the man has whose name is forged to a negotiable note. In the case of the note no one would hesitate to say that it would be void in the hands of an innocent holder for value. Why, then, should it be said that the married woman should be held for the act of the justice which was as much without authority or warrant in law as the forgery of the man's name to the note? * * * A married woman's signature to a deed amounts to nothing in any one's hands, as to her, until she has acknowledged the deed before a proper officer after privy examination, and he has certified that all the requirements of the statute have been complied with, and the deed has been recorded. She ought to have the same right to impeach the certificate of her appearance before the officer making it, when in fact she did not appear before him, that a man has to prove a deed professing to be signed by him to be a forgery. The rights of property are too sacred to allow them to be swept away without the knowledge of the owner, when he has made no contract of sale with the pretended purchaser. No consideration of public policy can justify the robbing of a married woman of her separate estate."

Our conclusions are based upon the alleged fact that Mrs. Wheelock did nothing that called upon the officer to exercise his authority to take her acknowledgment to the deed. No phase of the case that might estop her to deny the truth of the certificate has been considered.