F. J. MORENO ET AL. V. R. B. SPENCER AND BROTHER.

Decided November 2, 1904.

**1.—Mechanic's Lien—Homestead—Registration.**

A written contract for mechanic's lien on the homestead, duly acknowledged and registered, was sufficient to secure the lien, though the notes for the indebtedness, referred to in the contract, were not also acknowledged and recorded.

**2.—Same.**

A written contract duly acknowledged, for mechanic's lien on the homestead, may be properly foreclosed as against the makers, though not duly recorded.

**3.—Mechanic's Lien—Homestead—Contract—Mutuality.**

A contract for mechanic's lien on the homestead is sufficient to support the lien for material, etc., furnished thereunder, though the claimant did not bind himself by the contract so to furnish it.

**4.—Charge—Burden of Proof—Establishing Satisfactorily.**

On the issue whether a wife acknowledged a contract, properly certified by the notary, for a mechanic's lien on the homestead, an instruction that defendants must establish the fact that she did do so by evidence "clearly convincing" and "to your satisfaction clearly," was erroneous.

Appeal from the District Court of Falls. Tried below before Hon. Sam R. Scott.

The third assignment of error was as follows: "The court erred in overruling defendant's ninth special exception to plaintiff's petition, to the effect that the contracts sued upon appear upon their faces to be ex parte promises on the part of defendants only, and not the binding mutual contracts contemplated by the mechanic's lien statute; wherefore the plaintiffs acquired no lien upon the homestead of the defendants by reason of such contract."

*W. E. Rogers* and *J. W. Spivey,* for appellant.—The mechanic's lien contracts declared upon being statutory mechanic's liens, as distinguished from constitutional mechanic's liens, it was necessary that the plaintiffs should allege compliance with all the statutory provisions relating thereto, among which are that the contract shall be signed and acknowledged by the husband and wife and shall be recorded in a certain place within a certain time; and it appearing from plaintiffs' allegations that the two $200 notes and the $75 note declared upon were a part of the $400 contract and the $75 contract respectively, and the matter pertaining to a homestead, defendants' special exception should have been sustained. Batts' Civ. Stat., art. 3304; Bosley v. Pease, 22 S. W. Rep., 516, 518; Cameron v. Marshall, 65 Texas, 8; Lippincott v. York, 86 Texas, 279; Rhodes v. Jones, 64 S. W. Rep., 699.

In order to fix and secure a lien upon the homestead for lumber and material furnished for improvements upon the same, it shall be necessary for the person who furnishes the material, before the same is furnished, to make and enter into a contract in writing, setting forth the terms thereof; and plaintiffs failing to show any contract in writing binding them to do any act or thing, but only showing the unilateral contract of the defendants, said exceptions should have been sustained.

Rev. Stat., art. 3304; Lyon v. Ozee, 66 Texas, 97; Bosley v. Pease, 22 S. W. Rep., 517; Reese v. Corlew, 60 Texas, 71.

It appearing from the record that the materialman's notes were not attached to what are called the lien contracts, but are separate instruments, and it also appearing from all the facts and circumstances that said notes are a part of their corresponding lien contracts, it was necessary, under the mechanic's lien statute, that such notes, as well as the lien contracts, should have been recorded in order to fix and secure the lien.

The use of the words "clear and convincing" and "to your satisfaction clearly," and the charges as a whole, exacted a higher degree of proof by the defendants than is required in an issue of this character. Prather v. Wilkens, 68 Texas, 187, 190; Moore v. Stone, 36 S. W. Rep., 909-10; Wallace v. Berry, 83 Texas, 328, 330; Rider v. Hunt, 6 Texas Civ. App., 240; Missouri Pac. Ry. v. Bartlett, 81 Texas, 42, 44; Missouri K. & T. Ry. v. Kemp, 30 S. W. Rep., 1117; Sparks v. Dawson, 47 Texas, 138, 144; Mock v. Hatcher, 43 S. W. Rep., 30-31; Pace v. Mortg. Co., 17 Texas Civ. App. 510.

*Rice & Bartlett*, for appellee.—It appearing from the uncontradicted facts as shown by this record that the plaintiffs held and owned a valid vendor's lien as represented by the note for $50, and it further appearing from the undisputed facts that the defendants, prior to the delivery of the material, executed, acknowledged and delivered to plaintiffs their written contract liens on the premises in controversy to the amount of $400 and $60 respectively, for material to be thereafter furnished to defendants, and that plaintiffs furnished to defendants material to the amount for which foreclosure was had and which was used in making said improvements, and it further appearing that no issue as to the homestead rights was made by the pleadings and no claim therefor set up or asserted by the defendants, the judgment of the lower court was correct in foreclosing the liens upon said premises and defendants are concluded thereby. Beer v. Thomas, 13 Texas Civ. App., 35; York v. Carlisle, 19 Texas Civ. App., 271; Samuel Cupples W. W. Co. v. Hill, 59 S. W. Rep., 318; Marley v. McAnelly, 17 Texas, 660; Ramey v. Allison, 64 Texas, 700; Texas & P. Ry. Co. v. Black, 23 Texas Civ. App., 119; Heil v. Martin, 70 S. W. Rep., 430.

The court did not err in overruling defendants' exceptions, contained in their trial amendment, to the allegations of plaintiffs' trial amendment, because, first, such objections could not be raised or set up by trial amendment but only by way of supplemental answer; second, because the allegations of plaintiffs' trial amendment taken in connection with plaintiffs' original petition show and allege a strict compliance with all the statutory provisions relating to mechanic's liens; and, third, because plaintiffs' suit being one upon an express contract in writing signed and acknowledged as required by law, it was not necessary as between the original contractor and owner to file and record said contracts. Warner E. Mfg. Co. v. Maverick, 88 Texas, 489; Martin v. Roberts, 57 Texas, 568; Contreras v. Haynes, 61 Texas, 105; Jones v. Parker, 67 Texas, 80; Strang v. Pray, 89 Texas, 525; Lippencott v.

York, 86 Texas, 276; Meyers v. Wood, 95 Texas, 71; Farmers & M. Nat. Bank v. Taylor, 91 Texas, 80.

Where one party to a contract signs it and the other accepts and fully performs his part of the contract the one failing to sign is as fully bound as if he had signed it, and is entitled to the same benefits as if he had signed. Pioneer S. & L. Co. v. Paschal, 12 Texas Civ. App., 615; Campbell v. McFadin, 71 Texas, 31; Martin v. Roberts, 57 Texas, 568. Art. 3304, Revised Statutes, only provides that the owner and wife shall sign the contract.

The court did not err in refusing to give defendants' special charge on the burden of proof as to the issue raised by them as complained of in appellants' ninth assignment of error, nor in charging the jury as to the quantum and degree of proof required to overcome the certificate of the notary public, as complained of in appellants' tenth assignment of error, because, the certificate of the officer being regular on its face was conclusive as to the facts certified in the absence of any allegation of duress or fraud in which the grantees participated or of which they had notice; and, second, because the presumption in favor of the regularity of the certificate and its truth can not be overcome by loose and inconclusive evidence nor by the testimony of the grantors, but the certificate imports such verity as is accorded to the acts of a judicial officer, and to impeach it the evidence must be clear and convincing. Freiberg v. DeLamar, 7 Texas Civ. App., 269; Miller v. Yturria, 69 Texas, 549; Texas L. & L. Co. v. Blalock, 76 Texas, 85; Bexar .B. Co. v. Heady, 21 Texas Civ. App., 155; Schneider v. Ferguson, 77 Texas, 572; Howland v. Blake, 97 U. S., 624; 1 Ency. Law & Pro. 623, 624; 1 Am. & Eng. Enc. Law, 559-561.

FISHER, CHIEF JUSTICE.—This is a suit by appellees against appellant to foreclose a vendor's lien and two mechanic's lien contracts on a certain house and lot described in plaintiffs' petition, in Marlin, Falls County, Texas. The plaintiffs were dealers in lumber and builders' material, and the contract was executed by Moreno and his wife, his coappellant, for the lumber and material that went into the erection of the building on the lot in question.

It appears from the facts contained in plaintiff's petition that the property was the homestead of the appellants at the time that the contract for material was executed. The judgment in the trial court was in favor of the plaintiffs for the debts represented by the contracts, and for a foreclosure of the lien on the property in controversy.

The appellants' brief contains assignments of error which assert the proposition that the contract lien foreclosed by the judgment was illegal, because the notes called for in the contract were not acknowledged and recorded, together with the contract. The terms of the written contract fixed a lien upon the property in question to secure the amount of the material furnished, which amount the contract states is evidenced by two certain promissory notes, stating their amount. This written contract, if properly acknowledged, was properly recorded, but the notes called for in the contract, although signed, were not acknowledged and recorded.

We overrule these assignments, first, because an acknowledgment and registration of the contract was all that was necessary, if such a lien as evidenced by this contract was required to be recorded as provided for in the statute; second, the contract as sought to be foreclosed between the original parties to it was sufficient of itself, if properly executed, to create a lien upon the homestead without the necessity of its registration.

We also overrule the appellant's third assignment of error. We do not think that the question there raised is well taken.

The court correctly refused the special instructions requested by appellants. The only issue submitted by the trial court, which is complained of in appellant's tenth assignment of error, is as follows:

"The only question submitted to you for your consideration is whether or not Mrs. Lena Moreno acknowledged the instrument introduced in evidence before you bearing date January 23, 1901, before the notary J. M. Jolly. If you believe from the evidence before you that she did not appear before said officer and acknowledge said instrument, you will simply say by your verdict, 'We the jury find that Mrs. Lena Moreno did not appear before J. M. Jolly and acknowledge the contract bearing date January 23, 1901,' and sign the same by your foreman. If you find under the evidence that she did appear before said officer and acknowledge the same, as stated in said certificate, then you will say by your verdict, 'We the jury find that Mrs Lena Moreno did appear before said officer and acknowledge said instrument, as shown by the certificate,' and sign the same by your foreman. You are the exclusive judges of the fact proven, the credibility of the witnesses and the weight to be given to the testimony. In this connection, however, you are charged that in order to find that she did not appear before said officer the evidence must be clearly convincing to your minds that she did not so appear. The burden to establish that fact rests upon the defendants, and unless they have shown to your satisfaction clearly that she did not appear before said officer, you will find, as per instructions above given, that she did so appear and acknowledge said instrument."

This charge is presented under the issues raised by the pleadings and evidence to the effect that the contract creating the lien upon the homestead for the material furnished by the appellees was not acknowledged by the wife, Mrs. Moreno. There is conflicting evidence of both parties upon this issue, and the question here presented is similar to that raised in Wheelock v. Cavitt, 91 Texas, 679. The trial court was correct in placing the burden of proof upon the appellants to establish the fact that Mrs. Moreno's acknowledgment was not in fact taken, and that she did not appear before the officer for that purpose; but the court erred in instructing the jury that the evidence establishing this defense must be clear and convincing, and that it must be clearly shown to the satisfaction of the jury that such fact was established. This issue, like any other that arises in any civil suit, is only necessary to be established by a preponderance of the evidence; and for the error in the charge of the court in this respect, the judgment is reversed and the cause remanded.

*Reversed and remanded.*