### YASEEN et al. v. GREEN.†

(Court of Civil Appeals of Texas. San Antonio. Oct. 25, 1911. Rehearing Denied Nov. 22, 1911.)

1. ACKNOWLEDGMENT (§ 60*)—VALIDITY—PERSONS BEFORE OFFICER—EVIDENCE.

Evidence *held* to require a finding that plaintiff wife at the time a deed to the homestead was executed did not acknowledge the deed, and did not appear before the notary for that purpose before delivery.

[Ed. Note.—For other cases, see Acknowledgment, Dec. Dig. § 60.*]

2. ACKNOWLEDGMENT (§ 25*) — APPEARANCE BEFORE OFFICER—NECESSITY.

Where a deed to a homestead was sent to a wife for her signature during her absence in another state, and she never appeared to acknowledge the deed until after delivery and record, when the notary testified he met her privately and received her acknowledgment, the deed was void as to her.

[Ed. Note.—For other cases, see Acknowledgment, Dec. Dig. § 25.*]

3. HOMESTEAD (§ 122*)—CONVEYANCE—ESTOPPEL OF WIFE.

Where a wife signed, but did not acknowledge, a deed to the homestead on which a certificate of her acknowledgment was improperly entered, and there was no evidence that she either, indirectly or otherwise, knowingly or fraudulently represented that she had appeared before the notary to acknowledge the deed, or conspired with her husband to defraud the purchase, she was not estopped to thereafter deny its validity on that ground.

[Ed. Note.—For other cases, see Homestead, Dec. Dig. § 122.*]

Appeal from District Court, Dallam County; D. B. Hill, Judge.

Action by Lillian Yaseen and others against L. R. Green. Judgment for defendant, and plaintiffs appeal. Reversed and rendered.

R. E. Stalcup and Tatum & Tatum, for appellants. Ed. C. Hyde, for appellee.

JAMES, C. J. This suit was brought by appellants to cancel a deed from them to appellee bearing date June 4, 1909, for lot in Dalhart.

The plaintiff Lillian Yaseen alleged as grounds for the cancellation that her signature was procured through fraud and collusion of her husband and defendant, that it was executed as a form of security for a debt of her husband to defendant, and was so intended by all parties, and that it was void as a deed for the reason that her acknowledgment was never taken to the instrument, and she had never appeared before an officer for the purpose of having her acknowledgment taken. Defendant pleaded demurrers, the general denial and estoppel in connection

with which plea appellee alleged that the notary whose name and seal were affixed to the acknowledgment of the deed was the agent of plaintiffs, and that they and the notary conspired to affix a defective and fraudulent acknowledgment to the same, and plaintiffs were estopped from setting up their own fraud as a cause of action. The case was heard by the district judge, who gave judgment for defendant.

The property was homestead. The deed was signed by Mrs. Yaseen and her husband, bears date June 4, 1909, and affixed to it are certificates of acknowledgment of the husband and wife in proper form to convey a homestead. These certificates are of the same date June 4, 1909, and the deed was filed for record June 17, 1909, and was recorded on the same day. On the 6th of June Mrs. Yaseen left Dalhart for Chicago, remaining out of the state until some time in August. As already stated, the certificate of the husband and wife upon the deed were dated June 4th. The testimony shows clearly that she never appeared before the notary in connection with that certificate of acknowledgment. She may have signed the instrument before she left Dalhart for Chicago, or she may have done so while in Chicago, it being testified to that her husband sent it on to her at Chicago for execution by her, and she merely signed it and sent it back to him, but it is immaterial where she signed it, if she never appeared before an officer to acknowledge it, as all the testimony shows she did not. The notary who placed her privy acknowledgment upon the deed stated on direct examination that he took their acknowledgment to this deed, and that Mrs. Yaseen was before him and acknowledged the deed. But upon cross-examination he explained what he meant when he said that she was before him and acknowledged the deed by the following testimony: "I do not know where Mrs. Yaseen was when I took Harry's acknowledgment. She wasn't there when I took Harry's, and I don't know whether she was here at that time or not. * * * I do not remember when she returned from Chicago. It was after she returned from Chicago that I took her acknowledgment. I don't think I had the deed in my possession at the time. I think the deed had already been delivered. It was not long after she returned—several weeks possibly. I don't remember exactly, but it was something probably over a week. At the time I claim to have taken her acknowledgment she was in the store that Harry was running. I had already signed the deed up and put my seal on it and certified to it, and the deed had passed out of my possession. I was in the store one evening, went into the store and there was no one there but Mrs. Yaseen, that was in August, 1909; and we discussed the transaction. I had gone in there before for the purpose of speaking to her about it because Harry told me that she acknowledged this deed, and was willing to acknowledge it, and would acknowledge it. That is why I went into the store. I had already made the certificate, but I did not make it on his statement. We discussed this, and I told her I had acknowledged that deed and what the deed was, and she admitted having signed it, and said that she did acknowledge it, that she did acknowledge the signing and execution of that deed. * * * I had already made the certificate and had put my seal on it, and the deed had passed out of my possession at the time I walked in there and had this conversation with Mrs. Yaseen. There was no one in the store but her and me." It appears from the testimony of defendant that the deed, abstract, etc., came to the Interstate Bank & Trust Company in Peoria, by whom he was notified, and he got the papers, had them examined by an attorney who approved them, whereupon he gave a check for the $2,500, and took the papers home and put them in his safe. The check and the date of the transaction in Peoria was June 23, 1909. The deed had been sent on to Peoria by Yaseen through a Dalhart bank. The deed was signed by Mrs. Yaseen, according to the evidence, in Chicago, where it had been sent to her for execution. At any rate, she signed it, and the material question as to the sufficiency of the instrument as a conveyance centers in her acknowledgment of the same.

We find that the testimony is sufficient to support some of the findings involved in a judgment for the defendant. It is sufficient to support a finding that the transaction was one of sale, and not of mortgage. It is sufficient to support a finding that Dennis was plaintiff's agent, not defendant's, and that defendant had no notice of anything inconsistent with the deed being an out and out conveyance of the property to him. The testimony warranted a finding that the F. R. Dennis, who negotiated the transaction, was the agent of plaintiffs, and not the agent of defendant, and that what he did for plaintiffs was to negotiate and effect a sale of the property to defendant by means of this deed, that defendant understood it was a sale of the property to him, and had no notice of any different intention or purpose of plaintiffs. Plaintiff's right to a cancellation of the deed must rest upon the fact that she did not appear before the officer in connection with the acknowledgment.

We overrule appellants' second assignment of error, which is that the great preponderance of the testimony showed that plaintiffs and defendant understood and intended that the deed should be, and was intended as, a form of security for debt.

The fourth assignment of error is overruled because it was an issue of fact whether or not Dennis, who negotiated the transaction, was the agent of defendant. The testimony amply supports the conclusion that he was not the agent of defendant, and the presumption is that the court so found.

[1] Under the first assignment, it is urged that the uncontroverted testimony shows that Mrs. Yaseen never acknowledged the deed and never appeared before an officer for that purpose, and it is therefore inoperative as a conveyance of the homestead. We are of opinion that this assignment should be sustained. Wheelock v. Cavitt, 91 Tex. 679, 45 S. W. 796, 66 Am. St. Rep. 920; De West v. Barthelow, 136 S. W. 88.

[2] The evidence shows clearly that when the deed was delivered to appellee and the transaction consummated, although the deed contained upon it an acknowledgment of the wife in statutory form, she had never appeared before the notary for the purpose, and had undertaken no acknowledgment of it. Some time after its record and delivery, and when the deed was not in his hands, but in the grantee's possession in another state, the notary one day found Mrs. Yaseen alone in the store, and in conversation secured from her an admission that she did acknowledge the signing and execution of that deed. This, we hold, could not be allowed to make true that which was not true, to wit, the recital in the certificate that she had personally appeared before him in connection with the execution of the deed. The interview did not have the effect of vitalizing the certificate.

[3] We come to the issue of estoppel. The plea averred that Lillian Yaseen, in collusion with her husband, signed the deed, and placed same in the hands of her husband for the purpose of obtaining thereon the certificate of acknowledgment by the notary Pigman, as the same appeared upon the deed when presented to and accepted by defendant, and conspired to have said acknowledgment wrongfully and fraudulently made for the purpose of procuring from defendant the purchase price of the property $2,500; that they jointly presented said deed to this defendant for the purpose of procuring said sum and represented to defendant that said deed was in all things regular; that said acknowledgment was true and correct, and that said Lillian did appear before said notary and acknowledge the instrument; that they did knowingly and fraudulently so present said deed for the purpose aforesaid, and did so represent the same to be a valid conveyance, that defendant knew nothing of the fact, if it be a fact, that the notary's certificate was false in any particular, or that said wife had not appeared before said notary, but relied upon said deed and the representations of plaintiffs, and believed them to be true.

We do not doubt that the allegations of this plea, if substantiated by testimony, would estop the wife. But we find that the proof falls short of sustaining the allegations of the plea so far as the wife is concerned. We probably should assume that, when Mrs. Yaseen placed her signature to the instrument, the certificate of her acknowledgment

was affixed to it, because there is evidence tending to show that this was the fact. There is, however, no evidence that she knew that fact. If she signed it in Chicago, she had the deed in her hands long enough to sign it and mail it back to her husband. It might be said that if she had the deed in her hands with the false acknowledgment upon it, and was aware of the existence of said false acknowledgment and its import, that, in sending it back to her husband for the purpose of having it delivered to and acted upon by the grantee as a duly acknowledged instrument, she ought to be estopped by her act to set up its invalidity. But we find no testimony that goes to show that she, by such indirect means, or otherwise, knowingly or fraudulently represented that she had appeared before the notary to acknowledge the deed. The burden was upon defendant to establish the facts creating an estoppel, and we conclude that the testimony was not sufficient for that purpose.

The views we have expressed make it useless to consider the third assignment of error.

We conclude that the judgment should be reversed, and judgment rendered here in favor of appellants.

Reversed and rendered.