## JONES v. EQUITABLE BUILDING & LOAN ASS'N.

No. 3696.

Court of Civil Appeals of Texas. Amarillo.

Dec. 9, 1931.

Rehearing Denied Jan. 20, 1932.

See, also, 36 S.W.(2d) 252.

J. M. Kernan, of Amarillo, for appellant.

Bledsoe, Crenshaw & Dupree and Lindsey, Berry & Peticolas, all of Lubbock, for appellee.

RANDOLPH, J.

This suit was instituted by the Equitable Building & Loan Association as plaintiff against named defendants on a note for $2,250, dated April 17, 1929, and to foreclose a deed of trust and builder's and mechanic's liens of even date with said note. Judgment for plaintiff, and defendant Mrs. Jones appeals.

The facts disclosed by the record are substantially that D. F. Jones and his wife were the owners of a residence lot in the town of Lubbock. Wanting to build and being with-

out the necessary money to do so, they entered into a builder's and mechanic's lien contract. with their son-in-law, J. F. Boozer, who was a building contractor, for the erection of a residence on said lot. Boozer then transferred this contract to C. M. Mitchell, who was the manager and agent of the Bowman Lumber Company, in Lubbock, Tex. This company evidently furnished labor and material for the erection of said residence. After the labor and material had been furnished, a portion of the contract price was paid to Mitchell and at said time Mitchell released the lien to the extent of $1,250 and transferred the balance of the lien to the extent of $2,250 to the plaintiff. On the date of the transfer of the residue mechanic's and builder's lien to the plaintiff, the defendant Mrs. Annie Jones and her husband, D. F. Jones, now deceased, executed and delivered to the plaintiff the note herein sued on and the deed of trust herein sought to be foreclosed, for which plaintiff paid Mitchell the sum of $2,250. Said deed of trust contained recitals showing that it was intended to be an extension of the lien to secure the residue sum retained by Boozer in the mechanic's and builder's lien contract taken by him and later transferred to Mitchell and by Mitchell to the plaintiff.

The plaintiff's petition properly alleges the taking over and extension of the builder's and mechanic's lien by the deed of trust.

As stated, the trial court instructed the jury to return a verdict for the plaintiff without submitting to them any issue of fact made by the evidence.

It appears from the evidence that the plaintiff had no notice, actual or constructive, of the noncompliance of the notaries public taking the acknowledgment on the two instruments in controversy herein, with the requirements of the statute as to the acknowledgments of Mrs. Jones to the two instruments. In other words, there is a total lack of proof with which to charge the plaintiff with any such notice, and we therefore hold that the plea of innocent purchaser on the part of plaintiff should have been sustained if applicable to the question of a married woman's acknowledgment.

The two acknowledgments of Mrs. Jones attacked by her are in due form as required in article 6608 of the Revised Civil Statutes of 1925 for married women's acknowledgments. This being true, it remains only for us to pass upon the question as to whether the failure of the notaries to comply with the law in the actual taking of the acknowledgments renders such acknowledgments void as against an innocent purchaser for value.

■ The general rule is that the notary in taking the acknowledgment of a married woman to a deed or other conveyance of an interest in land, where the notary fails to comply with the statute, renders the instrument so acknowledged inoperative as a conveyance. The exception to this rule is where the acknowledgment is in due form and the purchaser of the land or the lien on land has no notice or knowledge of a failure to comply with the statute on the part of the notary and pays value for same, in some instances the acknowledgment will be held to be void as against the married woman's conveyance, but will be held valid as against others, which will be later discussed.

■ The defendant Annie Jones in her amended answer, specially pleaded as follows:

"The said defendant Annie Jones further states that at the time the mechanic's lien in favor of J. F. Boozer was made that she was not examined privily and apart from her husband, nor was the same shown to her and then and there fully explained by the officer taking the acknowledgment, as provided by article 6605 of the Texas statutes, and such acknowledgment was not binding upon her and that she was not apprised of the contents of the instrument and the same was not read to her and she had no knowledge of its contents.

"The said defendant Annie Jones further pleads that at the time the note and deed of trust, more fully described in plaintiff's original petition, in favor of the Equitable Building & Loan Association was made, that no acknowledgment was taken of her signature by any officer having authority to take the same, nor was the acknowledgment taken as prescribed by article 6605 of the Texas statutes, and such acknowledgment was not binding upon her nor did she have the instrument read or explained to her."

■ This pleading is amply sufficient to support any proof which might have been tendered to the jury upon the question as to whether or not Mrs. Jones did appear before the notary taking the acknowledgment. If she did not appear before such officer for such purpose and did not acknowledge her signature to such deed of trust before him, certainly the instrument purporting to have been signed by her was inoperative as a conveyance.

In the case of Wheelock v. Cavitt, 91 Tex. 679, 45 S. W. 796, 797, 66 Am. St. Rep. 920, the Supreme Court of Texas says:

"In this state the rule is firmly established that where a married woman, who has, with her husband, signed a deed conveying her separate real estate, appears before an officer authorized by law, for the purpose of acknowledging the conveyance, and the officer fails to do his duty in taking such acknowledgment, but makes a certificate which shows a full compliance with the law, such certificate is conclusive upon the married woman in favor of an innocent vendee who paid value for it without notice that the officer failed

to perform his duty as required by law. Pool v. Chase, 46 Tex. 210; Kocourek v. Marak, 54 Tex. 205 [38 Am. Rep. 623]; Waltee v. Weaver, 57 Tex. 571. ·The foregoing cases are in harmony with the weight of authority upon this question.

"But where it is shown that the married woman has not appeared before the officer for the purpose of acknowledging the execution of the deed, and no acknowledgment has been in fact made, she having in no way invoked the exercise of the officer's authority in that respect, the certificate, however formal, is not binding upon her, even in favor of an innocent purchaser for value and without notice. 1 Dev. Deeds, § 532a; Breitling v. Chester, 88 Tex. 589, 32 S. W. 527; Pickens v. Knisely, 29 W. Va. 1, 11 S. E. 932 [6 Am. St. Rep. 636]; Cheney v. Nathan, 110 Ala. 254, 20 So. 99 [55 Am. St. Rep. 26]; Grider v. Amer. F. Mortgage Co., 99 Ala. 281, 12 So. 775 [42 Am. St. Rep. 58]; LeMesnager v. Hamilton, 101 Cal. 532, 35 P. 1054 [40 Am. St. Rep. 81]; Michener v. Cavender, 38 Pa. 334 [80 Am. Dec. 486]; Borland v. Walrath, 33 Iowa, 130; Donahue v. Mills, 41 Ark. 421; Williamson v. Carskadden, 36 Ohio St. 664; Meyer v. Gossett, 38 Ark. 377; Allen v. Lenoir, 53 Miss. 321; Johnston v. Wallace, 53 Miss. 331 [24 Am. Rep. 699]; Mays v. Hedges, 79 Ind. 288."

In the majority opinion by Judge Gallagher in the case of Cosgrove v. Nelson (Tex. Civ. App.) 269 S. W. 891, 894, where Mrs. Cosgrove denied appearing before the notary, it is said:

"While Mrs. Cosgrove signed the deed from her husband and herself to Jenson, the undisputed evidence shows that she never acknowledged it, and never appeared before Sherrill or any other officer for the purpose of acknowledging it. Without such acknowledgment said deed was wholly insufficient to divest appellants of the title to the property, and therefore necessarily insufficient to vest Jenson with any interest therein. So far as the issues in this case are concerned, it was absolutely void, even as against an innocent purchaser for value without notice."

This case was affirmed by the Supreme Court in 277 S. W. 1118.

█ It appearing from the record that the evidence and pleading was amply sufficient to warrant the court and required the court to have submitted the issue of whether or not Mrs. Jones appeared before the notary taking her alleged acknowledgment, the court should have submitted such issue except for the fact that the plaintiff in its pleadings prayed the court to foreclose not only the deed of trust lien, but also the lien retained in the builder's and mechanic's contract executed by Mrs. Jones and her husband, and the evidence showing that she had appeared before the officer, but that the officer failed to comply with the law and such pleadings, is no defense as against an innocent purchaser for value.

The trial court having ordered the foreclosure of the mechanic's and builder's lien along with the deed of trust lien, we hold that the recovery upon the debt for the, purposes of the foreclosure of the mechanic's lien was sufficient to authorize the court to render such judgment for that purpose only against Mrs. Jones, and, it appearing that she had really and actually appeared before the officer who took her acknowledgment to the mechanic's and builder's lien, we hold that the failure of the notary to comply with the statute could not be effective in rendering such instrument inoperative as a conveyance of lien, and hence we affirm the judgment of the trial court.