## GREER v. BROCK et al.
### No. 3293.

Court of Civil Appeals of Texas. El Paso.
Feb. 20, 1936.

Clyde E. Thomas, of Big Spring, and Harris, Harris & Sedberry and John D. H. Tester, all of San Angelo, for appellant.

Upton & Upton and Travis E. Baker, all of San Angelo, for appellees.

PELPHREY, Chief Justice.

On April 10, 1931, Albert Johnson, Emmett Brock and Lula Brock, his wife, executed a deed of trust upon all of section 48 in block 34, township 5 south, Texas & Pacific Railway Company surveys, in Glasscock county, Tex. Thos. J. Coffee was named as trustee, and the deed was given to secure a note for $2,000 payable to R. C. Coffee. It was recited in the deed that the note to the extent of $1,300 represented money advanced by R. C. Coffee for the purpose of taking up indebtedness secured by a deed of trust held by Henry S. Currie.

There further appeared the following recital: "We, the grantors, herein Declare and Warrant that we, nor either of us, are now resining, occupying or claiming above described land or any part thereof, as our homestead or the homestead of either of us; and the said Emmett Brock and wife, Lula Brock, represent and declare that they have never lived upon said land or any part thereof, and have never at any time had any intention of living upon or occupying or claiming said land or any part thereof as a homestead."

On either the 7th or 8th day of December, 1932, the trustee posted notice of a sale to be made under the terms of the deed of trust and on January 3, 1933, a sale was held and R. C. Coffee became the purchaser for the sum of $2,345.40. On the same date the trustee executed a deed to him to the property and thereafter on the 6th day of February, 1933, R. C. Coffee executed a warranty deed to the property to appellant.

On October 31, 1934, appellant instituted this suit in trespass to try title against Albert Johnson, Emmett Brock and Lula Brock, husband and wife, Merrill Johnson, and Linnie Johnson Heinie, to recover the title and possession of the land heretofore described.

Only two of the defendants, Emmett and Lula Brock, answered. They pleaded not guilty and specially pleaded that the land was their homestead at the time the deed of trust was executed; that such fact was known to both R. C. Coffee and appellant; that they only acted as surety for Albert Johnson in signing the note and deed of trust, which fact was also known by Coffee and appellant; that the trustee's sale was had before the maturity of the note, and was, therefore, void; that no notice was given them of the trustee's sale; that no notice was given them of Coffee's intention to accelerate the maturity of the note for default in the April, 1932, interest payment; that they had at all times been ready and willing to pay the note and interest; and that they had never owed R. C. Coffee any part of the indebtedness which the deed of trust was given to secure.

By way of cross-action they alleged that appellant had never been in possession of the land; that R. C. Coffee had never been in possession; that the property was at all times their homestead; that Thomas J. Coffee and Clyde Thomas, who were representing Mrs. Brock's brother, Albert Johnson, in an appeal from a felony conviction represented to the Brocks that if they would sign the note and execute the deed of trust, R. C. Coffee, the father of Thomas J. Coffee, would carry the indebt-

edness for a period of five years; that they advised Thomas J. Coffee that the property was their home; that he, thereupon, advised them that the loan could and would be renewed and extended; that they signed the deed of trust as surety for Albert Johnson, and received no consideration for its execution; that the deed of trust was not explained to Mrs. Brock when her acknowledgment was taken either by her husband or by Thomas J. Coffee, who took her acknowledgment.

They prayed for cancellation of the trustee's deed and the deed from R. C. Coffee to appellant; that upon payment by them into the registry of the court of the amount due on the note, and all taxes and interest paid by appellant, any lien created by the deed of trust be canceled and held for naught; in the alternative for a setting apart of their homestead, or in case it should be held that their interest was only a one-half interest, that the land be partitioned.

Appellant answered by a general denial and specially alleged that he was an innocent purchaser of the land; that the Brocks were estopped by the recitals in the deed of trust; that notice of the trustee's sale and acceleration of the maturity of the debt had been given the Brocks before the sale; and that the trustee's sale was duly advertised.

At the conclusion of the evidence, the court instructed a verdict in favor of the Brocks, and rendered judgment in favor of appellant against Albert Johnson, Merrill Johnson, Linnie Johnson Heinie, and her husband, for title and possession of the property, but that the Brocks were entitled to redeem the property by the payment of $3,169.45, and that upon such payment being made to appellant, the deeds should be canceled and the title and possession of the property should rest in the Brocks.

This appeal is from such judgment.

## Opinion.

Appellant in his three assignments of error and six propositions attacks the action of the court in instructing a verdict for appellees and contends that the trustee's sale passed good title to R. C. Coffee; that he being an innocent purchaser for value and without notice took good title regardless of the action of Thomas J. Coffee as the agent of R. C. Coffee; and that the evidence raised an issue as to whether notice was given appellees of the acceleration of the maturity of the note.

Appellees counter with the contention that the property being their homestead and Thomas J. Coffee having induced them to execute the note and deed of trust by false representations that the lien would not be foreclosed, neither R. C. Coffee nor appellant who they assert depended upon the assurance of Thomas J. and R. C. Coffee that they would stand good for the title, took title to the property as against such homestead claim.

After a thorough study of the propositions and counter propositions and of the authorities, we have reached the conclusion that the trial court erred in instructing a verdict.

█ It appears to be well settled that a mortgagee, having acted on the representation of the claimant of a homestead and in actual ignorance of the homestead claim, the claimant not occupying the premises at the time of such representations, may be held to have the superior title. 22 Tex.Jur. §127, p. 182, and authorities cited.

█ The evidence, we think, clearly presents an issue of fact as to whether or not the Coffees and appellant relied upon the representation appearing in the deed of trust.

Appellees, however, claim that they should not be bound by such representations because Thomas J. Coffee was guilty of fraud in procuring the execution of the note and deed of trust and that appellant did not rely upon the representations, but rather upon the assurance that the Coffees would protect the title. These also were issues of fact, in our opinion. A married woman who has appeared before a notary who makes a certificate showing a full compliance with the law, is bound by the acknowledgment as against an innocent purchaser. Wheelock v. Cavitt, 91 Tex. 679, 45 S.W. 796, 66 Am.St.Rep. 920; Jones v. Equitable Building & Loan Association (Tex.Civ.App.) 45 S.W.(2d) 438. The question of whether or not appellant depended upon the representations in the deed or upon the assurance of Thomas J. Coffee as to the title, would, of course, govern the status of appellant in this regard also.

There also appears to be a conflict in the evidence on the question of notice of the acceleration of the maturity of the note.

Finding no theory advanced by appellees which will support the action of the trial

court in instructing a verdict for appellees, we have concluded that the judgment must be reversed, and the cause remanded for the determination of the issues as suggested in this opinion, and it is so ordered.