ANNIE WALTEE v. J. A. WEAVER ET AL.

(Case No. 1312.)

| 57 | 569 |
| 91 | 682 |

1. SEPARATE ACKNOWLEDGMENT — EFFECT OF CERTIFICATE OF.— The certificate of the separate acknowledgment of a married woman is conclusive of the facts therein stated, where the conduct of the grantee is in good faith, and he pays a valuable and adequate consideration for the property.

2. SAME.— In the absence of fraud or duress, the wife cannot be heard to say that she did not understand the officer's explanation of the effect of the deed.

3. SAME — INTERPRETER.— Where the married woman did not speak English, and the deed was explained to her by the officer through an interpreter of her own selection, she cannot be heard to say that he was incompetent or corrupt, or failed to interpret correctly.

4. SAME — SWEARING THE INTERPRETER.— The proper practice in such cases is for the interpreter to be sworn.

ERROR from Hopkins. Tried below before the Hon. Green J. Clark.

Suit by Annie Waltee for the recovery of a certain lot and improvements in the town of Sulphur Springs, claiming the same as her homestead and separate property, and that a pretended deed purporting to have been executed by her and her husband, John Waltee, was procured by fraud, and was executed by her, she supposing that she was giving a lien to secure a loan of $200 from defendant Weaver. The specific averments of the petition are stated in the opinion.

At the trial Mrs. Waltee testified through an interpreter that she did not understand English; that she was a French woman; that she had been in the United States ten years, but could only understand a few words of English, such as "dollars," "sugar," etc.; that when she signed the instrument to Weaver, she thought she was giving her house as security for $200 loaned herself and husband; that the instrument was not explained to her in French; that Henderson, the notary, read her the deed, but that she did not understand it; that Weaver was present, but that Frank Delimere, a Canadian, who spoke the French language sufficiently well for her to understand him, was present and did not explain to her the contents of the deed.

The deed in evidence was an absolute conveyance with a formal certificate of the acknowledgment and separate acknowledgment of John Waltee and his wife, Annie. There was other evidence tending to corroborate Mrs. Waltee's statement that she did not understand English. On the other hand, Weaver testified that he thought he could understand her and she him well enough to trade, but

thought it best to have an interpreter, and Mrs. Waltee brought
Frank Delimere and represented him as competent to interpret be-
tween them; that she also brought Delimere with her when she
signed the deed, and that the officer explained the deed to her
through Delimere as interpreter, and she assented to it.

Henderson, the notary, also testified that John and Annie Waltee
brought Delimere to him for the purpose of acting as interpreter
and explaining the deed and taking the acknowledgment, and that
witness first asked the questions required by law, told Delimere
what he wanted, and she gave her answers back to him and he to
witness.   He said she understood it and was satisfied; told him to
explain to her that she was making an absolute conveyance of her
homestead and had a right to refuse.   Delimere read, or at least
went through the form of reading, the deed to Annie, and explaining
it to her word by word and sentence by sentence.

The testimony of Weaver and Henderson as to the explanation of
the deed by an interpreter was objected to on the ground, first, that
it had not been sufficiently shown that the interpreter spoke the
French language; second, because it had not been shown that the
interpreter was sworn to interpret truly.

Verdict and judgment in favor of defendant.   The case was
brought up by a writ of error.

*L. D. King* and *S. W. Stewart*, for plaintiff in error.

I. The court erred in overruling plaintiff's objections to the evi-
dence of the defendant, J. A. Weaver, to the effect that the deed
from the plaintiff, Annie Waltee, to him, witness, and E. M. Patrick,
had been fully explained to plaintiff, who was a French woman, and
could not read, write or speak the English language, when it had
not been shown by competent evidence that the pretended inter-
preter could speak, read or write the French and English language,
or either; and when it had not been shown that said pretended
interpreter had been sworn and qualified to well and truly interpret
said instrument to said plaintiff, Annie Waltee.   The statute has
prescribed the mode in which a married woman may convey her
separate real estate, or the homestead, which is explicit and manda-
tory in requiring that the deed of conveyance must be fully and
thoroughly explained to her, so that she may fully comprehend and
understand said instrument, and every part of the same; and any
manner of conveyance which does not in fact come up to the full
measure of the statutory mode and requirement is absolutely null
and void.   Rev. Civ. Stat., art. 4310; Berry *v.* Donley, 26 Tex.,

637; Cross *v.* Evarts, 28 Tex., 532; Eckhardt *v.* Schlecht, 29 Tex., 134.

II. The evidence of J. A. Weaver, to the effect that said deed was fully explained to the plaintiff when she signed it, through an interpreter, when it has not been shown that said interpreter could read, write or speak intelligibly the French language; and when it was shown affirmatively that the witness himself could not understand said language, was hearsay merely, and was wholly and totally incompetent and inadmissible to establish the privy examination and acknowledgment of a married woman to an instrument conveying her separate property as required by law.

*A. A. Henderson,* for defendants in error.

STAYTON, ASSOCIATE JUSTICE.— The rule more than once announced by this court is, that the certificate of the officer to the separate acknowledgment of the wife to a deed is conclusive of the facts therein stated, when the conduct of the grantee is in good faith, and he pays a valuable and adequate consideration for the property. Hartley *v.* Frosh, 6 Tex., 216; Wiley & Co. *v.* Prince, 21 Tex., 640; Kocourek *v.* Marak, 54 Tex., 201; 2 Bishop's Law of Married Women, 483.

As it is the acknowledgment, and not the signature, which passes the title in a conveyance by a married woman, it is of the utmost importance to give to the certificate which evidences the acknowledgment entire faith, in the absence of fraud or duress.

The averments of the petition are very meager. There is a general averment of fraud in the purchasers, but in what that fraud consisted is not stated, and the evidence shows nothing of the kind.

She alleges that her husband told her the deed was given only as a security for a loan of money, but she does not aver or prove that such declarations were known to the purchasers.

She alleges that she feared her husband, but she does not aver any act or word of his which induced such fear, nor does the evidence show anything of the kind.

She alleges that she did not understand the effect of the deed, nor the explanation thereof by the officer who made the privy examination. Under the established rule, this she cannot be heard to say in the absence of fraud or duress.

The testimony, however, shows that the deed was carefully explained to her by the officer who took her acknowledgment, through an interpreter of her own selection; that she stated he spoke her

language, and she cannot be heard to say that he was incompetent or corrupt, nor that he failed to correctly interpret.

It would certainly have been more regular for the officer to have sworn the interpreter, as under the law he now has express power to do. R. S., 4321.

The officer seems to have used great care, and there is evidence tending to show that Mrs. Waltee may have understood him otherwise than through the interpreter.

The court did not err in overruling the objection to the testimony of the witness Weaver, for taken altogether his testimony was simply a narration of what transpired at the time the deed was acknowledged, rather than a statement that he knew that the interpreter made a true interpretation.

The whole of the evidence renders it highly improbable that the averments of the petition, general as they are, have any foundation in fact, and the verdict must stand.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered November 10, 1882.]