**TIMMINS et ux. v. INDEPENDENT LUMBER CO. et al. (No. 7229.)**

Court of Civil Appeals of Texas. Austin. May 9, 1928.

Rehearing Denied May 29, 1928.

1. **Contracts ⚷295(1)—One substantially performing building contract may recover contract price, less reasonable cost of remedying defects or omissions.**

Where building contractor substantially performs contract, he is entitled to recover contract price, less reasonable cost of remedying defects or omissions to make building comply with contract and plans and specifications.

2. **Damages ⚷124(1)—Assignee of building contract where performance was prevented by property owners held entitled to recover on cross-action contract price, less reasonable cost of completion.**

Where property owners, suing to cancel mechanic's and materialman's lien, deed of trust, and note which they secured, given to party contracting to build on their property, were at fault in stopping work and in refusing to permit completion of contract, it will be presumed that assignee of contractor would have substantially performed contract and it was entitled on its cross-action to recover contract price, less reasonable cost of completing improvements according to contract, plans, and specifications, even if improvements were only about one-half completed.

3. **Acknowledgment ⚷55(1)—In suit against innocent purchaser to cancel note, deed of trust, and lien contract, acknowledgment to instruments was not open to attack for illegality.**

In suit by property owners to cancel mechanic's and avoid materialman's lien contract deed of trust and note for breach of building contract, where it was undisputed that present holder of such instrument was innocent purchaser for value, acknowledgment of such instruments by one of plaintiffs claimed to have been taken over telephone was not open to attack on account of illegality, if any, in taking it.

4. **Bills and notes ⚷365(1)—Mechanics' liens ⚷114(2)—Mortgages · ⚷258—Note, and liens securing it, cannot be attacked in innocent purchaser's hands for inclusion of brokerage, abstract, and attorney's fees.**

Where property owners, suing to cancel mechanic's and materialman's lien contract, deed of trust, and note, merely alleged that they did not know about brokerage, abstract, and attorney's fees being included in note, invalidity, or defect, if any, in liens securing note in such respect, was not open to question or attack,

where court found on undisputed evidence that present holder of note was innocent purchaser for value of note and liens securing it without notice or intimation of any defect in such respect.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Suit by James G. Timmins and wife against the Independent Lumber Company and others in which the named defendant brought a cross-action. From a judgment for said defendant on the cross-action, plaintiffs appeal. Affirmed.

Fowler & Conn, of Houston, for appellants.

Woods, John & Cox and H. E. Cox, all of Houston, for appellees.

BLAIR, J. On March 14, 1927, appellants James G. Timmins and his wife, Sarah A. Timmins, entered into a written mechanic's and materialman's lien contract with W. R. Allison, as contractor, to erect certain improvements on their homestead, in accordance with written plans and specifications signed by the parties on the same day, the agreed contract price being $1,767, evidenced by appellants' even date note to Allison. Appellants also executed as a part of the agreement and on the same day a deed of trust on the homestead for the purpose of securing the said note. And on the same day, March 14, 1927, Allison. assigned the note, contract, and deed of trust and the liens evidenced thereby to appellee Independent Lumber Company for and in consideration of $100 cash, and its agreeing to furnish all necessary labor and material to make the improvements specified, it being stipulated, however, that the improvements were to be done under the direction and supervision of Allison. The work was commenced under the above agreements and arrangements, but when about one-half completed appellants stopped appellees, and refused to permit them to proceed further with the improvements, and shortly thereafter instituted this suit against appellees, seeking to set aside, cancel, and avoid the mechanic's and materialman's lien, the deed of trust lien, and the note which they secured, upon the following grounds:

(1) Because appellees had failed and refused to substantially comply with the contract and plans and specifications agreed upon, but used inferior grades of material, cheap class of labor, and failed to do the work in a workmanlike manner as provided in the contract.

(2) Because the instruments sought to be set aside had not been acknowledged by appellant Sarah A. Timmins according to law, in that her acknowledgment was taken over the telephone.

(3) And because a brokerage charge, the amount of which was unknown to appellants,

was included in the note, which was not a proper or legal charge against the homestead.

The appellees answered that they were substantially performing the contract in every detail when appellants, without cause, and without fault on their part, interfered with and stopped them from further performance of the contract, and that they ever thereafter stood ready, willing, and able to make the improvements as contracted, but appellants refused to permit them to do so.

Appellee Independent Lumber Company filed a cross-action against appellants, seeking to recover the contract price of the improvements as evidenced by the note, less the amount it would take to complete the improvements in accordance with the contract and plans and specifications, and to foreclose the liens evidenced by the contract and deed of trust, and in this connection alleged as follows:

"That it purchased the note mentioned in plaintiffs' petition, and took an assignment of the mechanic's lien and deed of trust lien on plaintiffs' land from the defendant William Robert Allison, paying value therefor, and without any knowledge of any vice or informality in the taking of the acknowledgments of plaintiffs thereto, and without any knowledge of any agreement of any nature whatsoever between the defendant William Robert Allison and the plaintiffs other than as expressed in the note, mechanic's lien contract, and deed of trust so assigned to it."

On a trial to the court without a jury appellants were denied the right to set aside, cancel, and avoid the contract, the deed of trust, or the note, and judgment was rendered for appellee Independent Lumber Company on its cross-action, for $911.30, with interest at 8 per cent. from date of judgment, and for foreclosure of the mechanic's and deed of trust liens in satisfaction thereof. The appeal is from that judgment, and is based upon appellants' three above alleged grounds to set aside, cancel, and avoid the instruments in suit.

In reference to the first ground, that appellees failed to substantially comply with the contract, the trial court made the following findings of facts and conclusions of law thereon:

"I find that the defendant Independent Lumber Company and the defendant William Robert Allison went upon the land and premises of the plaintiffs after the execution of all of the above-mentioned instruments by plaintiffs, and began the construction of the improvements contemplated by the contract between the parties; that thereafter, and while the improvements were in course of construction, and while the defendants were engaged in the work thereon, the plaintiffs stopped said named defendants from further work on such improvements, and refused to permit them to finish the same. I find that the said Independent Lumber Company and William Robert Allison were at all times willing and able to finish such improvements in accord with their contract and requested of the plaintiffs permission to finish the same in accordance with such contract, but that such permission was refused. I find that, up until the time the plaintiffs stopped them from further work upon said improvements, the defendants Independent Lumber Company and William Robert Allison had substantially complied with their contract with the plaintiffs for the erection thereof.

"I find that the cost of completing the improvements above mentioned so that the same will comply with the plans and specifications agreed to between the parties is the sum of $855.70."

[1] The evidence sufficiently sustains these findings of facts of the trial court. The law is well settled that, where a contractor substantially performs his building contract, he is entitled to recover the contract price, less the reasonable cost of remedying defects or omissions so as to make the building comply with the contract and plans and specifications. Atkinson v. Jackson Bros. (Tex. Com. App.) 270 S. W. 848, 38 A. L. R. 1507; Stude v. Koehler (Tex. Civ. App.) 138 S. W. 193; Graves v. Allert & Fuess (Tex. Civ. App.) 128 S. W. 940, judgment affirmed 104 Tex. 614, 142 S. W. 869, 39 L. R. A. (N. S.) 591; 40 C. J. 261; Kocher v. Mayberry, 15 Tex. Civ. App. 342, 39 S. W. 604.

[2] Since appellants were at fault in stopping the work and in refusing to permit appellees to complete their contract for the improvements, it will be presumed that they would have substantially performed the entire contract, and therefore appellee lumber company was entitled to recover the contract price, less the reasonable cost of completing the improvements according to the contract and the plans and specifications. And the appellants' contention in this connection that the uncontroverted evidence shows a failure to substantially comply with the contract because the improvements were only about one-half completed is not sustained.

[3] Whether the acknowledgment of Sarah A. Timmins was taken in conformity with law we find unnecessary to consider. The certificate of acknowledgment was in due and legal form, and neither of the appellees knew that it was taken over the telephone. It was neither alleged nor proved that any "fraud, coercion, undue influence, or overreaching" were exercised in the taking of the acknowledgment, and it is undisputed that appellee Independent Lumber Company was an innocent purchaser for value of the note and liens securing it, and the acknowledgment was therefore not open to attack on account of illegality, if any, in its taking. Humble Oil & Refining Co. v. Davis (Tex. Civ. App.) 282 S. W. 933; Cox v. Sinclair Oil Co. (Tex. Civ. App.) 265 S. W. 196 (writ of error refused).

[4] And whether the principal of the note included brokerage, abstract, and attorney's fees, or whether such fees are invalid and unenforceable as improvements upon a home-

stead, in so far as the mechanic's and deed of trust liens are concerned, we find unnecessary to consider. The court found and the evidence is undisputed that appellee Independent Lumber Company was an innocent purchaser for value of the note and liens securing it, without any notice or intimation of any defect, if any, in the note or liens in this respect. Neither did appellants allege nor prove that such fees were fraudulently incorporated or included in the note, or that appellee Independent Lumber Company had notice thereof. They merely allege that they did not know about their being so included, and therefore the invalidity or defect, if any, in the liens securing the note in this respect is not open to question or attack.

We find no error in the judgment, and it is affirmed in all things.

Affirmed.