HUMBLE OIL & REFINING COMPANY ET AL V. CLARA MAY DOWNEY.

No. 8052. (Motion Nos. 16126 and 16131) Decided October 25, 1944.
Second Motion for rehearing overruled December 6, 1944.
(183 S. W., 2d Series, 426.)

JUSTICE SHARP, dissenting.

*E. E. Townes, R. E. Seagler, Sam R. Merrill, Merrill &
Scott,* and *Rex G. Baker,* all of Houston, *Black, Graves & Stayton* and *Chas. L. Black,* all of Austin, for petitioners.

The Court of Civil Appeals erred in holding and of approving the same holding by the trial court, that respondent (Downey) was not estopped by her conduct from asserting against the petitioner, an innocent purchaser for value, the invalidity of the deed in controversy on the ground that she had not personally appeared before the notary public to acknowledge same, when the record showed, that Mrs. Downey and the notary had entered into a general arrangement to the effect that when requested by her the notary should attach his false certificate reciting her personal appearance, privy examination and acknowledgment, and she having caused the deed to be sent to him, knowing and intending that, pursuant to the prior arrangement, he would attach his certificate to the deed, she was guilty of such a positive, affirmative act of fraud as to estop her from asserting the invalidity of the deed against petitioner who was an innocent purchaser for value. Standard Acc. Ins. Co. v. State, 57 S. W. (2d) 191; Keller v. Lindow, 133 S. W. 304; Wheelock v. Cavitt, 91 Texas 679, 682; Dobbin v. Cordiner, 41 Minn. 161, 42 N. W. 879; Sanger v. Calloway, 61 S. W. (2d) 988.

*Thos W. Blake, Jr., H. Fletcher Brown,* both of Houston, *Collins, Jackson & Snodgrass,* of San Angelo, and *Thos. B. Greenwood,* of Austin, for respondent.

A married woman is not capable of waiving the requirements of the constitution and statutes, and her willingness to do so is immaterial, and the statute being mandatory, a simple agreement that a notary public will take the acknowledgment of a married woman without her personal appearance before him, will not act as an estoppel of her right to later declare the deed void. Brietling v. Chester, 88 Texas 586, 32 S. W. 527; Owens v. New York & Texas Land Co., 11 Texas Civ. App. 284, 32 S. W. 189 and 1057; Putman v. Coleman, 277 S. W. 213; Cosgrove v. Nelson, 277 S. W. 1118; Daniel v. Mason, 90 Texas 240, 38 S. W. 161.

Mr. Justice Critz delivered the opinion of the Court.

On original hearing we delivered an opinion in this case affirming the judgment of the Court of Civil Appeals and district court. The case is now before us on separate motions for rehearing, filed by Humble Oil & Refining Company and by Mrs. Keller and husband. In passing on such motions we hereby withdraw our original opinion, and in lieu thereof substitute the opinion which follows. The original opinion will not be published.

### OPINION.

On and prior to February 8, 1929, Mrs. Grace C. Ruby, a widow, and her daughter, Mrs. Clara May Downey, wife of Dorsey Downey, were joint owners of 76.52 acres of land in the Choate League in Harris County, Texas. On the date just mentioned Mrs. Ruby, and Mrs. Downey, joined by her husband, Dorsey Downey, executed to Mrs. Grace Keller, niece of Mrs. Ruby, and cousin of Mrs. Downey, a deed of gift to the above land. This deed shows its nature as a gift deed upon its face, and appears to be duly acknowledged by all parties thereto before "J. J. Shoemaker, Notary Public, Montgomery County, Maryland." It was filed for record on May 3, 1929, and is duly recorded in the deed records of Harris County, Texas.

On April 28, 1934, Mrs. Grace Keller, joined by her husband, Herman Keller, executed and delivered to Humble Oil & Refining Company, hereinafter called Humble, an "Oil & Gas Mining Lease," covering this land. This lease contract was executed to and accepted by Humble while the above-described deed to Mrs. Keller stood duly recorded as above stated. As we understand this record, as between Mrs. Keller and Humble, this lease is in full force and effect.

After the execution and delivery of both of the above-described instruments. Mrs. Downey, who has been divorced from her husband above named, filed this suit in the District Court of Harris County, Texas, against Mrs. Keller and her husband, and Humble, to recover an undivided one-half interest in this land, on the alleged ground that she did not personally appear before the notary who certified to her separate acknowledgement to the deed to Mrs. Keller. Mrs. Keller and Humble answered, setting up various defenses,. among which was included estoppel by fraud upon the part of Mrs. Downey. We will regard all pleadings as sufficient to put in issue the questions of law we shall decide.

This case was submitted to a jury on special issues in the district court, and, based on the answers to such issues, judgment was entered for Mrs. Downey and against Mrs. Keller and husband and Humble. This judgment was, in all things, affirmed by the Beaumont Court of Civil Appeals. 161 S. W. (2d) 803. Mrs. Keller and her husband, and Humble have prosecuted separate writs of error to this Court.

In response to special issues duly submitted, the jury found: That Mrs. Downey never appeared before the officer who certified to her separate acknowledgement to the Keller deed; that at the time Mrs. Downey signed the deed she did not know that she owned an an undivided interest in the land covered thereby; that at such time Mrs. Downey knew that the purpose of such deed was to convey this land to Mrs. Keller; that at the time Mrs. Downey signed this deed there was in existence an understanding, agreement, or custom between her and the notary who certified to her separate acknowledgment, whereby such notary, without Mrs. Downey's personal appearance before him, would place upon any instrument bearing her genuine signature, and providing for a certificate of acknowledgment, his duly executed certificate showing due acknowledgment thereof before him; that such notary placed his certificate as to the acknowledgment of Mrs. Downey on this deed in accordance with, or as the result of, such understanding, agreement, or custom; that at the time Mrs. Downey signed this deed she understood and expected that it would be handed or sent to the notary who certified to her separate acknowledgment for the purpose of having him place thereon, in pursuance of his above-found understanding, agreement, or custom, his certificate of due acknowledgment; that when Mrs. Downey signed this deed she understood and expected that it would be delivered to Mrs. Keller with the genuine signatures of grantors and apparently valid certificates of acknowledgment thereon; that at the time Mrs. Downey signed this deed she knew, or under all the facts and circumstances in evidence ought to have known, that some other person, firm, or corporation would purchase from Mrs. Keller the land covered by this deed, or some part thereof or some interest therein, in reliance upon the apparent validity of such deed; that at the time Mrs. Downey signed the deed to Mrs. Keller she ought to have known, in the exercise of ordinary care and diligence on her part, that she had an interest in the land covered thereby; that Mrs. Downey, in the exercise of ordinary good faith on her part, ought not to have made known her claim or interest in this land prior to the time Humble purchased its lease thereon from Mrs. Keller on April 28, 1934.

As already shown, Mrs. Downey seeks in this suit to recover from Mrs. Keller an undivided one-half interest in this land. Also, she seeks to have such one-half interest, when recovered, freed from the Humble lease.

Article 6605 of our 1925 Civil Statutes provides that, "No acknowledgment of a married woman to any conveyance or other instrument purporting to be executed by her shall be taken, unless she has had the same shown to her, and then and there fully explained by the officer taking the acknowledgment on an examination privly and apart from her husband; nor shall he certify to the same unless she thereupon acknowledges to such officer that the same is her act and deed, and that she has willingly signed the same, and that she wishes not to retract it." Article 6608 prescribes the form of a married woman's acknowledgment which meets the requirements of Article 6605. Article 1299 provides that, "The husband and wife shall join in the conveyance of real estate, the separate property of the wife; and no such conveyance shall *take effect* until the same shall have been acknowledged by her privily and apart from her husband before some officer authorized by law to take acknowledgments to deeds for the purpose of being recorded, and certified to in the mode pointed out in Articles 6605 and 6608." (Emphasis ours.)

■■ Under all the decisions of this Court on the question, the separate acknowledgment of a married woman in the manner and form required by Article 6605 and 6608 of our Civil Statutes of 1925 is absolutely essential to the validity of any instrument conveying her separate lands in this State. Noncompliance with such statutes renders the instrument an absolute nullity. Johnson v. Bryan, 62 Tex. 623; Veeder v. Gilmer, 103 Tex. 458, 129 S. W. 595; 23 Tex. Jur., p. 277; 1 Tex. Jur., p. 519, and authorities there cited. The only instances in which a married woman can be prevented from asserting the invalidity of a deed not separately acknowledged as required by our statutes is where she has been guilty of such active fraud in regard to the transaction as would estop her from pleading the invalidity of her acknowledgment or the certificate thereto. Johnson v. Bryan, supra.

■■ It is the law of this State that when a married woman signs with her husband a deed conveying her separate real property situated in this State, and, in person, appears before a proper officer for the purpose of acknowledging the same, and such officer fails to do his duty in taking the acknowledgment, but

makes the certificate in full compliance with the law as contained in Articles 6605 and 6608, supra, such certificate is conclusive against the married woman and in favor of an innocent purchaser who pays value, without notice that the officer failed to perform his duty as required by law. Wheelock v. Cavitt, 91 Texas 679, 45 S. W. 796; Poole v. Chase, 46 Texas 207; Kocourek v. Marak, 54 Texas 201; Waltee v. Weaver, 57 Texas 569; Gulf Production Co. v. Continental Oil Co., 139 Texas 183, 164 S. W. (2d) 488. On the other hand, we think it is also the law of this State that where it is shown that though a married woman signs with her husband a deed conveying her separate real property, but does not in person appear before a proper officer for the purpose of acknowledging it, and no acknowledgment is in fact made, the certificatae of such officer, however formal it may be, is not binding upon the married woman, even in favor of an innocent purchaser for value and without notice. In such instances the married woman has the same right to impeach the certificate of her appearance before the officer falsely certifying to that fact that a man would have to assert that a deed purporting to be signed by him was a forgery. Breitling v. Chester, 88 Texas 586, 589, 32 S. W. 527; Wheelock v. Cavitt, supra; Daniel v. Mason, 90 Texas 240, 38 S. W. 161; Articles 6605 and 6608, supra; 23 Tex. Jur., p. 268, sec. 232, Id., p. 277, sec. 241, Id., pp. 320, 321, sec. 280; 1 Tex. Jur., p. 517 et seq., secs. 114, 115, 116.

In Breitling v. Chester, supra, opinion by Judge Gaines, it is held:

"It is clear,, that a casual admission in the presence of a notary or other duly authorized officer by a person who has signed a conveyance, that he had executed the deed, does not empower the officer to certify that he has acknowledged it. In order to call into exercise the authority of the officer to make the certificate, the grantor must appear before him for the purpose of acknowledging the instrument, and his admission that he had executed it must be made with a view to give it authenticity."

In Wheelock v. Cavitt, supra, opinion by Judge Brown, it is held:

"But where it is shown that the married woman has not appeared before the officer for the purpose of acknowledging the execution of the deed, and no acknowledgment has been in fact made, she having in no way invoked the exercise of the officer's authority in that respect, the certificate, however formal, is not

binding upon her, even in favor of an innocent purchaser and for value without notice. 1 Devlin on Deeds, sec. 532a; Breitling v. Chester, 88 Texas, 589; Pickins v. Knisely, 29 W. Va., 1, 6 Am. St. R., 636; Cheney v. Nathan, 110 Ala., 254, 55 Am. St. R., 26; Grider v. Am. F. Mortgage Co., 99 Ala., 281; 42 Am. St. R., 58; LeMesnager v. Hamilton, 101 Cal., 532, 40 Am. St. R., 81; Nichener v. Cavender, 38 Pa. St. R., 334; 80 Am. Dec., 486; Borland v. Walrath, 33 Iowa, 130; Donahue v. Mills, 41 Ark:, 421; Williamson v. Carskadden, 36 Ohio St., 664; Meyer v. Gossett, 38 Ark., 377; Allen v. Lenoir, 53 Miss., 321; Johnston v. Wallace, ib., 331; Mays v. Hedges, 79 Ind., 288.

\*   \*   \*   \*   \*   \*   \*

"We do not think it necessary to enter into argument to support the conclusions that we have expressed in our answer to the foregoing questions, for the reason that they are supported by all authority that we have been able to find except the courts of the States of Illinois and Kentucky; the decisions in the latter State are controlled by statute. We will, however, quote from Pickins v. Knisely, 29 W. Va., page 1, the reasons given by that court in support of its decisions: 'For reasons of public policy, and to protect innocent purchasers, it has been uniformly held that when a married woman appears before a justice for the purpose of acknowledging a deed, and does in some manner attempt to do what the law requires to be done; the certificate is conclusive of the facts therein stated as regards innocent purchasers. This is a necessary rule of law, and not a harsh one to her; because, if the justice has not asked her all the questions required, or has omitted anything which the statute requires, as fully explaining the deed to her, she may notify the purchaser of that fact before the deed is delivered to him, and thus prevented it from operating to pass her title to the property. But where she has not appeared before the officer she has no opportunity to save her property, any more than the man has whose name is forged to a negotiable note. In the case of the note no one would hesitate to say that it would be void in the hands of an innocent holder for value. Why, then; should it be said that the married woman should be held for the act of the justice which was as much without authority or warrant in law as the forgery of the man's name to the note? \* \* \* A married woman's signature to a deed amounts to nothing in any one's hands, as to her, until she has acknowledged the deed before a proper officer after privy examination, and he has certified that all the requirements of the statute have been complied with, and the deed has been recorded. She ought to have the

same right to impeach the certificate of her appearance before the officer making it, when in fact she did not appear before him, that a man has to prove a deed professing to be signed by him to be a forgery. The rights of property are too sacred to allow them to be swept away without the knowledge of the owner, when he has made no contract of sale with the pretended purchaser. No consideration of public policy can justify the robbing of a married woman of her separate estate'."

In 23 Tex. Jur., p. 268, supra, the law is stated as follows:

"Before the wife is to any extent bound by a false certificate of the notary as to her privy acknowledgment, his powers to act must have been invoked by her, that is, she must have appeared before him for the purpose of acknowledgment; otherwise his certificate, whatever its form, is no more than a forgery."

In 23 Tex. Jur., p. 277, supra, the law is stated as follows:

"One cannot be an innocent purchaser from the wife, if the title or instrument through which he claims is void. Thus if the wife's deed is not in compliance with the statute of conveyances, the purchaser's ignorance of this, or his paying value, is of no effect; and the registration of such defective instrument adds nothing to its effectiveness."

In 23 Tex. Jur., pp. 320, 321, the law is stated as follows:

"Of course, the wife's deed obtained by fraud or duress, or recitals therein, will not estop. Nor will an estoppel follow in the absence of reliance by the purchaser upon the instrument, or where the wife has never appeared before the notary for the purpose of acknowledgment, the instrument in the last case being no more than a forgery."

In 1 Tex. Jur., p. 517 et seq., the law is stated as follows:

"Sec. 114. Statutory Requirement.—The requirement of separate acknowledgments of married women was first introduced into the Texas laws in 1841; prior to that time privy examination and acknowledgment of a married woman was not essential to the validity of a conveyance of her separate property. Under the present statute, and the predecessors thereof, certain instruments executed by married women are required to be acknowledged on examination separate and apart from the husband, and the courts uniformly hold that the statutory requirement must be strictly complied with. Indeed it has been said that to recognize a married woman's deed or other instrument that is

not acknowledged as required by statute, would in effect be to repeal the law.

"Sec. 115. As Affecting Validity of Instrument. Generally.— Although, generally speaking, a different rule prevails with respect to the acknowledgments of other persons, yet it is settled by a long line of decisions that when the separate acknowledgement of a married woman is required, such an acknowledgement is essential to the validity of the instrument executed by her. In such a case the acknowledgment is not only an act or ceremony that imparts varity to the woman's deed, but it is also a vital and essential part of the instrument; in other words, it is the acknowledgment, and not the signature, which gives vitality to the writing.

"Sec. 116. Effect of Unacknowledged Instrument.—When an acknowledgment is required an unacknowledged instrument of a married woman is, as to such woman, not voidable merely, but absolutely void; the instrument, although signed, attested and delivered, 'is as though it had never been written, is mere waste paper, is not her act and deed.' A fortiori the writing is wholly ineffectual to divest her of title, and property attempted to be conveyed by it may be recovered, it has been held, without refunding the consideration received. Although, under certain circumstances, a married woman may be estopped to assail an unacknowledged instrument, yet is unquestioned that an acknowledgment may not be supplied by parol evidence, and, as we shall see later, the statutory provisions relating to proof for record have no application to married woman's deeds. However, a conveyance executed by a husband and wife but not acknowledged by the latter is, generally speaking, sufficient to pass whatever title the husband may have had in the property."

There is no theory by which Mrs. Keller can be said to hold any right, title, or interest in this land, either legal or equitable, as against Mrs. Downey. Under the above authorities the deed from Mrs. Downey to Mrs. Keller was a pure gift deed. Mrs. Keller was in no sense a purchaser, innocent or otherwise. The deed to her was an utter nullity, because Mrs. Downey did not personally appear before the notary who certified to her separate acknowledgment. No estoppel is shown, because, if for no other reason, the rules of equity, which under certain circumstances estop married women from asserting the invalidity of their deeds or other instruments required to be acknowledged, only apply so as to protect bona fide purchasers for value and without notice. From what we have said it is evident that Mrs.

Keller obtained no right, title, or interest in this land, either legal or equitable, by reason of Mrs. Downey's deed to her.

■ As we have already shown, it is the settled law of this State that the separate acknowledgment of a married woman is absolutely essential to the validity of her deed purporting to convey her separate land in this State. A deed not separately acknowledged conveys nothing. It is the acknowledgment, not the signature, that constitutes the execution of a married woman's deed. Of course, as already shown, where a married woman personally appears before a proper officer for the purpose of separately acknowledging her deed, and such officer fails to do his duty in taking the same, but makes a certificate in full compliance with the law, such certificate is conclusive in favor of an innocent purchaser who pays value, without notice of the fact that the officer failed to do his duty as required by law. On the other hand, as we have already shown, when a married woman signs with her husband a deed purporting to convey her separate land in this State, but does not in person appear before a proper officer for the purpose of separately acknowledging the same, and no acknowledgment is in fact made, the certificate of such officer and the deed itself are not binding upon the married woman, *"even in favor of an innocent purchaser for value without notice."* Wheelock v. Cavitt, supra, and other authorities above cited and quoted from. Under the record in the instant case, Mrs. Keller took no title to this land as against Mrs. Downey. Humble therefore has no title based on any actual title held by Mrs. Keller. Humble simply took a mineral lease, relying on the deed, or the record thereof, from Mrs. Downey to Mrs. Keller. Under the above-cited authorities, such deed was and is an utter nullity, and will not even protect an innocent purchaser for value who has purchased in reliance thereon. No estoppel is shown as regards Humble, because the only act Mrs. Downey committed which it relied and acted on was to permit her deed to Mrs. Keller to be delivered to Mrs. Keller, and to remain of record, without any effort to relieve against it. Reliance on such deed, or the record thereof, simply constituted Humble an innocent purchaser. Some may think this a harsh rule, but, be that matter as it may, it reflects the construction this Court has given the statutes under consideration for such a length of time, and of such uniformity, as to constitute a rule of property in this State. Any change in such rule must result, if at all, from legislative enactment.

It can not be held that Mrs. Downey invoked the jurisdiction of the officer who certified to her separate acknowledgment

to her deed to Mrs. Keller. Mrs. Downey did not personally appear before such officer, and, under the authorities above cited and quoted from, both jurisdiction to take and jurisdiction to certify to a married woman's separate acknowledgment can only be invoked by a personal appearance by the married woman before such officer.

Under the record before us, Humble holds no title or interest to or in this land which it can successfully assert against Mrs. Downey. It is merely an innocent purchaser for value in reliance on a deed to its grantor that does not protect it.

We have carefully read and considered both motions for rehearing above referred to, also we have carefully reviewed and considered all briefs and arguments filed herein by all parties to this cause, and are still of the opinion that we entered the correct judgment on original submission of this cause. It is ordered that both motions for rehearing above mentioned be overruled. Because we have substituted this opinion in lieu of our original opinion in this cause, petitioners, if they desire, will be permitted to file second motions for rehearing.

Opinion delivered October 25, 1944.

Second motion for rehearing overruled December 6, 1944.

### CONCURRING OPINION.

Mr. Chief Alexander, concurring.

I concur in the judgment affirming the judgments of the trial court and Court of Civil Appeals.

I am by no means pleased with the results of this case, but I believe the matter is foreclosed by the provisions of Revised Statutes Articles 6605 and 6608 and the former decisions of this Court construing these statutes. If an injustice results from this decision, the responsibility therefor rests with the Legislature in retaining the above-mentioned statutes.

Opinion delivered October 25, 1944.

### DISSENTING OPINION.

Mr. Justice Sharp, dissenting.

I disagree with the majority opinion, which holds that the Humble Oil & Refining Company is not an innocent purchaser for value under the deed executed by Mrs. Downey and others, and my views are as follows:

This is an action in trespass to try title, brought by Mrs. Clara May Downey against Humble Oil & Refining Company and Mrs. Grace Keller and husband, to recover an undivided one-half interest in 76.52 acres of land in Harris County, Texas. The trial court rendered judgment for plaintiff upon answers of the jury to special issues. Upon appeal the judgment of the trial court was affirmed by the Court of Civil Appeals in a majority opinion. 161 S. W. (2d) 803.

Mrs. Downey, who had been divorced from Dorsey Downey, filed this suit against petitioners on October 5, 1937. As a basis for recovery, Mrs. Downey alleged that the deed to Mrs. Keller was void because she, Mrs. Downey, did not appear before the notary whose certificate is attached to the deed for the purpose of acknowledging the deed.

The certificate of acknowledgment attached to the deed shows that Mrs. Downey's acknowledgment was taken by J. J. Shoemaker, a notary public in and for Montgomery County, State of Maryland, where the deed was executed. The form of the certificate complies in all respects with that prescribed by Article 6608, Vernon's Annotated Civil Statutes. It recited that Mrs. Downey "personally appeared" before the notary; that she was examined by him privily and apart from her husband; that the instrument was fully explained to her; and that she did not wish to retract it.

The jury found that Mrs. Downey knew that the purpose of the deed of date February 8, 1929, was to convey to Mrs. Keller the land therein described; that at the time she signed said deed she did not know that she had an undivided interest in the land described therein, but that she ought to have learned, in the exercise of ordinary care and diligence on her part, that she owned an interest in said land; that on February 8, 1929, there was in existence an understanding, agreement, or custom between Mrs. Downey and J. J. Shoemaker, the notary public, whereby he would, without her personal appearance, place upon any instrument bearing her genuine signature and providing for a certificate of acknowledgment, his duly executed certificate showing due acknowledgment of such instrument by her before him; that the acknowledgment to said deed was placed on same in accordance with or as a result of such agreement, under-

standing, or custom; that at the time she signed said deed to Mrs. Keller she understood and expected that said deed would be handed or sent to said J. J. Shoemaker for the purpose of having placed thereon by him, in pursuance of such agreement, understanding, or custom, a certificate of her due acknowledg-ment; that Mrs. Downey did not appear in person before J. J. Shoemaker for the purpose of acknowledging said deed to Mrs. Keller of date February 8, 1929; that Mrs. Downey understood and expected at the time she signed said deed that it would be sent or otherwise delivered to Mrs. Keller, the grantee, with the genuine signatures of the grantors and an apparently-valid certificate of acknowledgment thereon; that Mrs. Downey knew, or under all the facts and circumstances ought to have known, that some other person, firm, or corporation would likely purchase from Mrs. Keller the land described in said deed, or some part thereof, or some interest therein, in reliance upon the apparent validity of said deed; and that Mrs. Downey, in the exercise of good faith on her part, ought not to have made known her claim to an interest in the land in controversy, prior to the time the defendant Humble Oil & Refining Company purchased a lease thereon from Mrs. Keller and husband on April 28, 1934.

At the close of the testimony Mrs. Keller and husband and the Humble Oil & Refining Company moved for an instructed verdict. After the verdict of the jury was returned they asked that judgment be rendered in their favor by virtue of the answers made by the jury to the special issues submitted. The trial court overruled these motions, and entered judgment as above indicated. The Humble Oil & Refining Company and Mrs. Keller and husband appealed to the Court of Civil Appeals, and the judgment of the trial court was affirmed. Both Humble Oil & Refining Company and Mrs. Keller appealed to this Court for writs of error, both of which were granted.

The facts in this case are unusual. They do not show that an inexperienced married woman was overreached in a land deal; nor do they show that Mrs. Downey was coerced or induced by deception to sign a deed to which a notary without her knowledge or consent attached thereto a false certificate of acknowledgment. On the contrary, the record discloses that Mrs. Downey is a woman of wide and varied business experience, and did not rely on her husband or anyone else to look after her business affairs, but relied solely on her own judgment. In the course of her dealings she had executed many deeds, and she well understood the meaning of the deed in controversy and its purpose, and signed same freely and volun-

.tarily. She knew what she was doing and the consequences of her acts. It is also shown that she inaugurated the custom of having J. J. Shoemaker, a notary public, to fill in the certificates of acknowledgment to deeds signed by her, without her appearance before him, for her convenience, because she was so busy and because she was intolerant of the requirement that a married woman should personally appear before a notary public for the purpose of having him take her acknowledgment,—which requirement she termed "absurd and ridiculous."

Mrs. Downey testified that for a period of over two years, ever since her marriage to Downey, it had not been necessary for her to appear before Shoemaker for the purpose of having him take her acknowledgment; that on numerous occasions, without her personal appearance, Shoemaker had executed certificates of her acknowledgment to instruments which she had signed and sent to him, but that she did not contemplate bringing suit against other parties who had acquired property under conveyance to which such false certificates of acknowledgment had been attached pursuant to the above-mentioned agreement, "when * * they paid money for it and acted in good faith."

Mrs. Downey knew when she sent the deed in controversy to Shoemaker that he would, in pursuance of the above-mentioned agreement, attach thereto a regularly-executed form of her acknowledgment, and that the deed would be delivered to the grantee. She also knew that persons dealing with the property in Texas would have no opportunity to learn that she had not acknowledged the deed before the notary and would have no reason to make inquiry concerning same, and that a purchaser would rely upon the truth of the recitals in said deed and certificate of acknowledgment. In short, it was her acts which caused the notary to attach his certificate of her acknowledgment to the deed without her appearance before him.

It is undisputed that Humble Oil & Refining Company paid value for its lease, and that it had no knowledge of the infirmity therein until shortly before this suit was filed. The Humble Oil & Refining Company contends that, in view of the undisputed facts, the trial court and the Court of Civil Appeals erred in holding that respondent could assert the invalidity of the deed in controversy against an innocent purchaser for value, on the following grounds: (1) That she did not in any way invoke the exercise of the notary's authority in making the certificate to the deed; (2) that she was not estopped to claim that she had not called upon such officer to exercise his authority to take her

acknowledgment to the deed; and (3) that she was not guilty of any positive act of fraud.

The rule is firmly established that where a married woman, who has with her husband signed a deed conveying her separate real estate, appears before an officer authorized by law for the purpose of acknowledging the conveyance, and the officer fails to do his duty in taking such acknowledgment, but makes a certificate which shows a full compliance with the law, such certificate is conclusive upon the married woman in favor of an innocent vendee who paid value for it without notice. Gulf Production Co. v. Continental Oil Co., 139 Texas 183, 164 S. W. (2d) 488; Pool v. Chase, 46 Texas 207; Waltee v. Weaver, 57 Texas 569; Adkins-Polk Co. v. Rhodes, (Com. App.), 24 S. W. (2d) 351; Sanger v. Calloway (Com. App.), 61 S. W. (2d) 988; Gore v. Citizens State Bank (Civ. App.), 88 S. W. (2d) 721 (writ refused); Jones v. Equitable Bldg. Assn. (Civ. App.), 45 S. W. (2d) 438 (writ refused).

It is also the law of this State that where a married woman, joined by her husband, signs a deed conveying her separate real estate, but does not appear before a proper officer for the purpose of acknowledging it, and no acknowledgment is in fact made, *she having in no way invoked the exercise of his authority to take her acknowledgment,* the certificate of such officer is not binding upon such married woman, even in favor of an innocent purchaser for value. Wheelock v. Cavitt, 91 Texas 679, 45 S. W. 796, 66 Am. St. Rep. 920; Speer's Law of Marital Rights in Texas (3rd ed.), sec. 245.

The argument that the certificate of acknowledgement here involved can have no greater effect than a forgery is not convincing, in the light of the facts reflected by this record. The facts involved in Wheelock v. Cavitt, supra, show that Mrs. Wheelock had nothing to do with the selection of the notary, nor did she personally appear before the notary, nor did she have anything to do with the false certificate of the notary attached to the deed. Since the respondent in this case procured the notary to affix the false certificate to the conveyance by means of the antecedent agreement and custom, the certifiate here involved had nothing in common with a forgery.

It is respondent's contention that the authority of the notary cannot be invoked except by a physical appearance before the notary. That seems to have been the basis for the judgments of the trial court and the Court of Civil Appeals, and the acts

of the respondent in other respects were considered immaterial. While there are intimations to that effect in some cases (Brietling v. Chester, 88 Texas 586, 32 S. W. 527; Robertson v. Vernon (Com. App.), 12 S. W. 991), a careful examination of the opinions reveals that the facts involved were not the same as in this case. After diligent search we have been unable to find a case, with facts similar to those in this case, holding that a married woman could impeach a regular certificate of acknowledgment as against a good faith purchaser for value.

The case of Wheelock v. Cavitt, supra, is the leading case on the question of personal apperance before a notary. In that case this Court held that where the married woman did not appear before the notary, and where she had not in any way invoked his authority or caused the false certificate to be made by him, the certificate was not binding upon her. This Court in reaching a decision in that case used the following significant language:

"But where it is shown that the married woman has not appeared before the officer for the purpose of acknowledging the execution of the deed, and no acknowledgment has been in fact made, *she having in no way invoked the exercise of the officer's authority in that respect, the certificate,* however formal, is not binding upon her, even in favor of an innocent purchaser for value without notice." (Italics mine.)

Then, in concluding its opinion, the Court said:

*"Our conclusions are based upon the alleged fact that Mrs. Wheelock did nothing that called upon the officer to exercise his authority to take her acknowledgment to the deed. No phase of the case that might estop her to deny the truth of the certificate has been considered."* (Italics mine.)

The courts have zeaously guarded the rights of married women in property, and they will not permit those rights to be destroyed by others by means of deeds not executed as required by law. Courts have also kept in mind that the laws enacted to protect such rights should not be used to defeat the rights of an innocent third party, who in good faith, without notice, for a valuable consideration, has acquired valid rights in certain property. Sanger v. Calloway (Com. App.), 61 S. W. (2d) 988; Pool v. Chase, 46 Texas 210; Waltes v. Weaver, 57 Texas 569.

It has been held that the taking of a married woman's acknowledgment over the telephone does not constitute a personal

appearance by her before a notary public. 1 Amer. Jur., p. 343, sec. 69, id. p. 387, sec. 168; Myers v. Eby, 193 Pac. 77, 12 A. L. R. 535, and annotation of cases; Logan Gas Co. v. Keith, 117 Ohio State 206, 158 N. E. 184, 58 A. L. R. 600, and annotation of cases. But it has also been held that such an acknowledgment is valid in favor of an innocent purchaser for value. Timmins v. Independent Lumber Co. (Civ. App.), 7 S. W. (2d) 130; Humble Oil & Refining Co. v. Davis (Civ. App.), 282 S. W. 930, id. 296 S. W. 285; Wooten v. F. & M. (Ark.), 249 S. W. 569.

Respondent cites the case of Daniel v. Mason, 90 Texas 240, 38 S. W. 161, 59 Amer. St. Rep. 815, as an authority here. In that case the husband did not join the wife in signing the deed, and the notary's certificate was in the ordinary form required by law for a single person or feme sole. Under the law, without his joinder she had no contractual power to make the conveyance. If she had personally appeared before the notary, and he had taken her acknowledgment as a married woman in legal manner and form, the deed would have been void, because without her husband's joinder she lacked contractual capacity to execute the deed. This court held in that case that the rule protecting a bona fide purchaser for value without notice applies only to cases of purchase from a holder of the legal title who has power to contract, and does not protect the purchaser as against a married woman in whose deed the husband did not join. The facts in this case are clearly distinguishable from the facts in the cases relied upon by respondent.

In view of the undisputed facts and the findings of the jury on issues submitted, the finding of the jury that Mrs. Downey in the exercise of good faith ought not to have made known her claim to an interest in the land prior to the time the Humble Oil & Refining Company purchased a mineral lease therein, does not change the results of the other findings of the jury. Mrs. Downey was the cause of the notary's certificate being attached to the deed. The notary acted in accordance with her plans. There is not a scintilla of evidence that any fraud or influence was practiced on her to sign the deed, or that the notary attached his certificate to the deed reciting her acknowledgment except with her consent and knowledge.

In order for a conveyance to be valid, it is not essential that it have a consideration expressed therein. Baker v. Westcott, 73 Texas 129, 133, 11 S. W. 157; Galveston, H. & S. A. Ry. Co. v. Pfeuffer, 56 Texas 66, 72; Rogers v. Rogers (Com. App.), 15 S. W. (2d) 1037; Kahn v. Kahn, 94 Texas 119, 58 S. W. 825. It is also well settled that a deed by one having legal title and

power to convey, given in consideration of love and affection, is· valid and passed good title to the donee. Robinson v. Douthitt, 64 Texas 101; Parker v. Stephens (Civ. App.), 39 S. W. 164; Couch v. Schwalbe (Civ. App.), 111 S. W. 1046 (writ refused) ; Robertson v. Hefley (Civ. App.), 118 S. W. 1159. The deed in question is regular on its face, and there is nothing in its provisions that would give a purchaser from the grantee notice of its invalidity. It is true that it is a deed of gift, but that does not carry notice to an innocent purchaser for value that the certificate of the notary was· false.

The Humble Oil & Refining Company unquestionably is a bona fide purchaser for value, and the fact that it knew that it was taking title from a person who had acquired her interest by a deed of gift does not alter its status. A bona fide purchaser for value occupies a better position than his vendor in that he acquires a good title free from the burden of equity which would prejudice the continuance of title in the hands of the vendor. Pure Oil Co. v. Swindall (Com. App.), 58 S. W. (2d) 7; Maxfield v. Pure Oil Co. (Civ. App.), 91 S. W. (2d) 892 (writ dismissed) ; 43 Tex. Jur., p. 615, sec. 361, p. 678, sec. 399 et seq.

Articles 6605 'and 6608, Vernon's Annotated Civil Statutes,, were enacted to protect married women from fraud and coercion in the execution of instruments, and they contain the requirements regarding the acknowledgment of a married woman to a deed executed by her. Their main purpose is to secure freedom of will and action on the part of the wife in the conveyance of her property, to see that she understands the contents of the deed, and to protect her from the possible coercion of her husband. Angier v. Coward, 79 Texas 551, 15 S. W. 698; Hollis v. Francois, 5 Texas 195, 51 Am. Dec. 760; Ellington v. Bryant (Civ. App.), 293 S. W. 327 (writ dismissed) ; Putman v. Coleman (Civ. App.), 277 S. W. 213 (writ dismissed) ; 1 Tex. Jur.; pp. 515, 516, sec. 112. In effect these Articles provide that an officer authorized to take a married woman's acknowledgment in doing so performs duties of a quasi-judicial nature, and acts in an advisory capacity in seeing that the married woman understands the instrument signed by her and that she freely and voluntarily executes same. But such Articles were not enacted to permit a married woman to freely and voluntarily sign a deed, the contents of which were thoroughly familiar to her, and in pursuance of an agreement or custom established between her and the notary, in order to suit her own convenience, have such officer without her personal appearance place upon such deed bearing her genuine signature his certificate of her

acknowledgment of such deed, and then allow her to repudiate such acts when such repudiation results in damage or injury to an innocent purchaser for value.

One holding under a void deed can not claim protection as an innocent purchaser. 43 Tex. Jur., p. 628, 371, and cases cited; Wall v. Lubbock (Civ. App.), 118 S. W. 886 (writ refused) ; Daniel v. Mason, 90 Texas 240, 38 S. W. 161, 59 Am. St. Rep. 815; Terry v. Cutler, 14 Texas Civ. App. 520, 39 S. W. 152 (writ refused). In this instance this rule will not apply, because the deed under consideration was not absolutely void as between the grantor and an innocent purchaser thereunder for value. This holding rests on the ground that Mrs. Downey invoked the exercise of the authority of the notary to attach his certificate of acknowledgment to the deed. If the grantor wanted to set same aside as to an innocent purchaser, the burden rested upon the grantor to allege and prove that such deed was obtained by fraud or imposition. Brand v. Colorado Salt Co., 30 Texas Civ. App. 458, 70 S. W. 578 (writ refused) ; Hartley v. Frosh, 6 Texas 208, 55 Am. Dec. 772; Freiberg v. DeLamar, 7 Texas Civ. App. 263, 27 S. W. 151 (writ refused) ; Cox v. Sinclair Gulf Oil Co. (Civ. App.), 265 S. W. 196, 198 (writ refused) ; Timmons v. Independent Lumber Co. (Civ. App.), 7 S. W. (2d) 130; Essex v. Mitchell (Civ. App.), 183 S. W. 402; Stringfellow v. Brazelton (Civ. App.), 142 S. W. 938. In this case no fraud or imposition is alleged as a basis for setting Mrs. Downey's deed aside.

I think that under the facts Mrs. Downey unquestionably invoked the authority of the notary to take her acknowledgment and attach his certificate to the deed, and that such certificate is conclusive against her as to the rights of an innocent purchaser for value. As to the rights between her and the Humble Oil & Refining Company, no question of fact is presented for determination.

In my opinion the motion for rehearing filed by the Humble Oil & Refining Company should be granted, and the former judgment of this Court affirming the case as to the Humble Oil & Refining Company should be vacated.

Opinion delivered October 25, 1944.