**B. W. ROBERTSON et ux., Appellants,**

v.

**L. D. THOMAS et al., Appellees.**

No. 6520.

Court of Civil Appeals of Texas. Amarillo.

Oct. 3, 1955.

Rehearing Denied Oct. 31, 1955.

Pardue & Odell, Lubbock, for appellants.

Geo. S. Berry, Thomas L. Clinton; Crenshaw & Griffith, Lubbock, for appellees.

NORTHCUTT, Justice.

This is an action brought by appellants, B. W. Robertson and wife, Pearlie E. Robertson, and Mrs. Pearl Davis, as plaintiffs against appellees, J. H. Mayo, L. D. Thomas and Great Plains Life Insurance Company, a corporation, as defendants. Since there is no question raised by either party as to the rights of Mrs. Pearl Davis, she will not be referred to herein any further but B. W. Robertson and wife, Pearlie

E. Robertson, will be the appellants referred to.

On the 9th day of April, A.D. 1952, appellants executed and delivered their certain warranty deed to L. D. Thomas covering part of Blocks Nos. Six (6) and Seven (7), Suburban Homes Addition to the City of Lubbock, Lubbock County, Texas, and describing the same by metes and bounds. The consideration in said deed being stated as $10 and "other good and valuable consideration, to us paid by L. D. Thomas, the receipt of which is hereby acknowledged; and the assumption and agreement to pay by the grantee herein the unpaid balance of $534.95 owing and unpaid on that certain promissory note dated December 11, 1948, in the original, principal sum of $1,200, payable to the order of J. O. Lusby, executed by the grantors herein; * * *". Thereafter, L. D. Thomas secured a loan from Great Plains Life Insurance Company in the sum of $3,000 and gave a deed of trust on the above-described property to secure the payment of said loan. It is the contention of appellants that the above-described property was their homestead and that said deed from them to L. D. Thomas was executed and delivered to L. D. Thomas to evade the homestead laws so as to be able to secure a loan on said property with the understanding and agreement that L. D. Thomas would reconvey said premises to appellant, B. W. Robertson, after a loan had been secured on said premises. Appellants contend also that since they had lived on said premises as their homestead at all times from 1940, that appellees and each of them had actual knowledge and notice that appellants were using, occupying and claiming said land above described as their homestead; and that appellees knew or could have known and obtained the information that said property was the homestead of appellants and was being used and occupied as their homestead at the very time said deed of trust was executed and delivered by L. D. Thomas to Great Plains Life Insurance Company. It is the further contention of appellants that appellant, Pearlie E. Robertson, signed the deed, but she did not know what she was signing and that it was never explained to her by the notary and was not taken privily and apart from her husband and, therefore sought judgment that the deed from B. W. Robertson and wife, Pearlie E. Robertson, to L. D. Thomas be cancelled and held for naught; that the deed of trust executed by L. D. Thomas to the Great Plains Life Insurance Company be cancelled so far as appellants were concerned and held for naught; that the deed from J. H. Mayo, trustee in the deed of trust executed by L. D. Thomas, to Great Plains Life Insurance Company conveying said property to it be cancelled and held for naught; that the deed from L. D. Thomas to appellant, B. W. Robertson, dated January 31, 1953 be cancelled and held for naught; and that said instruments be declared to be a cloud on appellants' land and homestead and that said cloud be removed. All of which was denied by the appellees.

The case was tried to a jury and, after all parties had rested, the trial court instructed the jury to return a verdict for the appellees and granted a judgment upon said verdict. Appellants presented their motion for a new trial and the same was overruled by the court and the appellants perfected this appeal. It is the contention of appellants that the trial court erred in instructing a verdict for the appellees.

On February 22, 1952, B. W. Robertson, as second party, made and entered into a written contract with L. D. Thomas and Sterling J. Parrish, as first parties, whereby B. W. Robertson was buying some 222 acres of land in Cochran County, Texas, from Thomas and Parrish who were the owners. Under the terms of said contract, B. W. Robertson was to pay to said Thomas and Parrish $33,390 for the 222 acres of land which sum was to be evidenced by five vendor's lien notes, each note being in the principal sum of $6,678 and to bear interest at the rate of six per cent per annum. One note was to become due and payable on or before January 15, 1953 and one note on or before the 15th day of January each year thereafter until the total five notes and

interest thereon were paid. Said notes were to be secured by a deed of trust upon said 222 acres of land. Said contract further provided:

"Second party agrees that he shall immediately commence the drilling of an irrigation water well on a portion of the above described land, and shall complete the drilling and equipping thereof in a diligent and workmanlike manner and upon completion of said water well and equipping of same, if irrigation water is produced in paying quantities suitable for irrigation purposes, then and in that event, first party shall deliver a warranty deed to second party covering the above described property and second party shall deliver to first parties the above described notes and deed of trust. However, if and in the event a water well is not produced thereon by second party in time to irrigate the 1952 crop and prepare the land for planting in quantities sufficient to irrigate said land, then second party shall have the option to declare this contract null and void and of no further force and effect, but may, if he so desires, call upon first parties for a deed to this land upon the delivery to them of the above mentioned notes and deed of trust.

"It is especially understood and agreed by and between these parties thereto, that if any well is drilled thereon same shall be drilled by and completed at the expense of second party and in no event, shall second party bind or obligate first parties or either of them for any expense of any nature in making any sort of improvements on said land, and the failure of second party to immediately commence the drilling of and the completion of said water well and equipping thereof in a workmanlike manner, shall, at the option of first parties, void this contract. Time of the completion of an irrigation water well is the essence of this contract."

After B. W. Robertson had failed to commence the drilling of the irrigation well as provided in the contract, L. D. Thomas testified he mentioned the same to B. W. Robertson and that Robertson stated the reason he had not he was trying to sell his Lubbock property for $3,500 to get the money to drill the irrigation well but had failed to find a buyer and that he had offered it for $3,000. It was after that, that Thomas offered to buy the Lubbock property from Robertson for $3,000. On April 9, 1952, appellants deeded the Lubbock property to L. D. Thomas as above-mentioned. It is undisputed that the $3,000 was paid for the benefit of B. W. Robertson. It is also undisputed that on April 9, 1952, when B. W. Robertson and wife deeded the Lubbock property to L. D. Thomas that there was no money due to L. D. Thomas by B. W. Robertson. L. D. Thomas secured a loan upon the Lubbock property on May 31, 1952 from appellee, Great Plains Life Insurance Company. In January, 1953, B. W. Robertson was unable to make the payment due on the 222 acres of land in Cochran County, Texas. In January, 1953, appellants requested L. D. Thomas to deed the Lubbock property back to them and, in accordance with this request, L. D. Thomas did, on January 31, 1953, deed the land back to B. W. Robertson and, in said deed as a part of such consideration, B. W. Robertson assumed the unpaid balance owing on the note in favor of Great Plains Life Insurance Company and did pay all of the payments that were paid on said note thereafter until he defaulted in such payments and the Great Plains Life Insurance Company declared the same in default and requested foreclosure under said deed of trust. The trustee, in said deed of trust, J. H. Mayo, on February 2, 1954, did sell the Lubbock property as provided for in said deed of trust to Great Plains Life Insurance Company for the sum of $3,000, it being the best and highest bidder for the same.

During the trial of this case, while B. W. Robertson was testifying, he was asked this question:

"Isn't it a fact, Mr. Robertson, that after you lost this farm up there, and all of the money that had been put in-

to that came out of the loan on this house, it was then that you decided to frame up this whole mess, this fraud and this scheme with Mr. Thomas * * *"

and he answered:

"It was after I got out of work and couldn't pay the payments and they foreclosed on me; * * *"

Under such admission on the part of B. W. Robertson, there could be no fraud on the part of L. D. Thomas upon the evidence in this record since there is no testimony other than that given by Robertson that it was a scheme to secure a loan on their homestead. Then there could be no other reasonable conclusion reached under this record than that the transfer of the Lubbock property to L. D. Thomas by B. W. Robertson and wife was a bona fide sale. Higgins v. Higgins, Tex.Civ.App., 246 S.W.2d 271, Syl. 1; Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 145 S.W.2d 569, 570.

The appellants pleaded they deeded the property in question to L. D. Thomas for the purpose of obtaining a loan which is an acknowledgment by appellants of their attempt to commit a fraud to secure a loan. The undisputed evidence is that Mrs. Robertson had never seen Thomas until long after this deed was executed and delivered to Thomas. So, in the face of the testimony of Robertson that he decided to frame up "this whole mess" after he got out of work and couldn't pay the payments and they foreclosed on him, it would show conclusively, under this record, that Thomas was innocent of any fraud and was a purchaser for value and, under the record, if there was any agreement of fraud entered into by anyone, it could be between no one other than appellants.

■ We realize that, in a deed to a homestead as involved here or in the sale of a married woman's separate real estate, a married woman must appear before the notary taking the acknowledgment and be examined privily and apart from her husband as provided for under Articles 6605 and 6608, Vernon's Ann.Civ.St.; but, in this case, there is no question but what Mrs. Robertson signed the deed in question in the presence of the notary that made the acknowledgment and his acknowledgment, as shown in the deed and of record, is in full compliance with the law as contained in Articles 6605 and 6608. It cannot be successfully contended that she did not appear before him and sign the deed because she testified that she did do so and certainly that was what the notary was there, in the presence of Mrs. Robertson, to do. Since Mrs. Robertson signed the deed with her husband and signed in the presence of the notary who went there for the purpose of taking her acknowledgment and did in some manner attempt to do what the law required to be done, the certificate is conclusive of the facts therein stated as regards innocent purchasers. Humble Oil & Refining Co. v. Downey, 143 Tex. 171, 183 S.W.2d 426; Tompkins v. American Republics Corp., Tex.Civ.App., 248 S.W.2d 1001.

■ As we view this record, there is but one contention existing that could, in any way, be advanced or considered as affecting the rights of Great Plains Life Insurance Company and that is the contention of appellants that Great Plains Life Insurance Company could not be an innocent holder of the lien on the property in question because appellants were in possession of said property and had been living on the same since 1940 and such possession placed said company in position where it should inquire of appellants as to what rights they were claiming.

It is undisputed that Great Plains Life Insurance Company paid the $3,000, a good and valuable consideration; and since appellants, who claim protection because of their possession, did something such as making a deed to Thomas which is of record and this deed of record from appellants is a sufficient answer and does not require further inquiry on the part of Great Plains Life Insurance Company. We are of the opinion and so hold that Great

Plains Life Insurance Company did acquire a valid lien against the property in question. National Bond & Mortgage Corporation v. Davis, Tex.Com.App., 60 S.W.2d 429; Dorsey v. Temple, Tex.Civ.App., 103 S.W.2d 987.

We have found no reversible error and the cause is affirmed.